## AYRES vs. DRAPER.

1. Double damages cannot be recovered in an action of ejectment.

2. A notice to quit, must be absolute. A notice demanding possession, and declaring that "if possession is not given by a certain day rent at a given rate will be claimed," is not sufficient.

3. A having purchased a lot from B, takes a lease to the same from C. A then sells the land to D, who takes a lease from B (who still claims the land.) As to C, the possession of D will be regarded as the possession of A, the lessee of C.

## ERROR to Marion Circuit Court.

CARTY WELLS, *for Plaintiff in error.*

The errors assigned by the plaintiff in error, are the following :
1st. The first instruction given for Draper, the plaintiff below.
It goes on the ground that there was collusion between Ayres and Heffner as to the possession. The law is that the defendant shall be shewn in possession at the commencement of the suit. The instruction denies this principle.
2nd. The refusal of the first and fourth instructions prayed by the defendant.
These both are based on the ground that possession in the defendant need not be proved.
3rd. The verdict is against the evidence.

GLOVER & CAMPBELL, *for Defendant in error.*

1st. The defendant, Ayres, was the tenant of the plaintiff in the court below, and while he was such tenant he let in Heffner knowingly and wilfully, to withhold the premises against the plaintiff, he Heffner, having full notice of the right of Draper—the lease to Ayres, and that he Ayres, was bound to restore the possession to the plaintiff on ten day's notice.
2nd. Ayres being the tenant of Draper and having put Heffner in under him, he was liable to an action of ejectment, though not personally in possession—the possession of Heffner so acquired being the possession of Ayres. 11 John. R., 454.
3rd. A tenant holding over, as Ayres did in this case by his agent or servant Heffner, was by the statute liable to double damages. Sections 7, 8 & 9, of act concerning "Landlord and Tenant," R. C., 687-8.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of ejectment to recover a lot in the town of Hannibal. The action was brought against Ayres, the appellant, and Heffner and Davis. The suit was dismissed before the trial, as to Heffner; a verdict was found for Davis, and against Ayres; and the damages as-

sessed against Ayres were $68 75, and the monthly value of the property assessed at $2 75.

On the trial, the plaintiff read a lease from himself to Ayres, for the lot in controversy for one year from the 1st November, 1843, *or* until the said Draper may want the same, the said Draper giving ten days' notice.—— The plaintiff also proved the service of the following notice to quit:

"To Thomas J. Ayres, James T. Davis and Daniel Heffner. You and each of you, are hereby notified that I demand the possession of lot No. 3, in block No. 6, whereon a stable now stands, in the town of Hannibal, Marion county, &c., and that unless the possession of the said lot be rendered to me, on or before the 27th day of this month, I shall charge, demand and collect from the occupants of said lot a sum not less than fifty cents for each and every day the possession thereof shall be detained. January 14, 1845.                               Z. G. Draper."

The plaintiff then proved by Heffner, against whom the suit had been dismissed, that he (the witness) was in possession of the lot when the notice was served, and when the suit was brought; he had leased the lot from Davis and bought the stable from Ayres; that Draper (the plaintiff) and Davis both claimed it, but he leased from Davis, because the terms offered by him suited him better than those offered by Draper. There was evidence that Ayres, who was a tavern keeper, sent the horses of his guests to this stable.

It appeared, that Davis had been in possession of this lot for nearly five years, and built the stable on it and sold it to Ayres.

The court instructed the jury, that if Ayres leased the premises from the plaintiff, and was to restore the possession upon ten days notice, and the notice had been given prior to the commencement of this suit, but that Ayres fraudulently and collusively agreed with Heffner to surrender to him, and did surrender to Heffner; such possession of Heffner is the possession of Ayres. If the jury were of this opinion, they were directed to find Ayres guilty, provided Heffner was in possession, and to assess *double damages* from the time of the notice given and also the monthly value of the premises.

The defendants asked the following instructions, which were refused:

1. That unless it should appear from the evidence that the defendant, Ayres, was in possession of the lot in question at the commencement of the suit, the verdict must be not guilty as to him.

2. That if Heffner was alone in the possession of the lot at the commencement of the suit, the plaintiff cannot recover of Davis or Ayres, no matter under whom Heffner held.

The court instructed the jury, as to Davis, that if he was not in possession at the commencement of the suit, they must find him not guilty.

It does not appear upon what grounds the jury were directed to assess *double damages* from the time of the notice given. It seems to have been the opinion of the court, that the penalty given by the 9th section of the act concerning "Landlords and Tenants," could be recovered in an action of ejectment. That section is taken from the statute of 4 Geo., 11, c. 28, s. 1, and provides that certain tenants who hold over after the expiration of their tenancy shall pay *double the yearly value* of the premises so detained. The section as it stood in the revision of 1825, specified the action of debt as the mode of recovering the penalty given, and the only reason, I apprehend, why that part of the section was omitted in the subsequent revision, was that a general provision was adopted in 1835, by which all penalties, forfeitures, &c., were declared recoverable by this form of action. This section has no reference to the remedy which the landlord has by ejectment.

"The two actions," says Lord Ellenborough, in Soulsby vs. Neving, (9 East., 310) "are brought *diverso intuitu*; the ejectment is in order to get possession of the premises wrongfully withheld; the action of debt for the double value is in order to indemnify the landlord for the wrong." Our statute, concerning the action of ejectment, regulates the damages which are recoverable in that action. They are the rents and profits from the commencement of the action down to the time of assessing the same, except in cases where the defendant knew of the plaintiff's claim, prior to the action, in which event the damages are calculated from the time of such knowledge. Nothing is said in the statute about double damages, in any case.

But the notice in this case was clearly insufficient. It was in the alternative and left the tenant at his option to deliver up the possession or hold on at a specified rent per day. A notice to quit must be absolute. Mathews vs. Jackson, Doug., 175.

It is said, however, that this action could not, in any event, be maintained against Ayres. It seems that Davis and the plaintiff were both claimants of the lot in controversy. Davis had been in possession for several years, and he erected a stable on the lot and sold it to Ayres.— The latter then took a lease from the plaintiff, determinable at the plaintiff's pleasure, upon giving ten days notice. Ayres, after occupying the lot for upwards of a year, sold the stable to Heffner and abandoned the possession. Heffner, who had obtained a lease from Davis then went into possession. Under these circumstances, I do not see any objection

to the opinion of the Circuit Court, which held Heffner's possession as that of Ayres. Ayres had acknowledged the plaintiff as his landlord by taking the lease, and if he could avoid the responsibility of his tenancy by putting a third person in possession, the plaintiff might lose the costs of his ejectment. A tenant could put a pauper on the land, and thereby avoid the costs of an ejectment which will be necessary to oust him. It is only necessary for the landlord to give notice to his lessee, and not to the sub-lessees. It is the duty of the lessee to notify the under tenants or persons who have come in under him  Roe vs. Wiggs, 2 D. & E., 330.

Judgment reversed.