DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## 𝕯𝖊𝖈𝖊𝖒𝖇𝖊𝖗, 1894.*

---

ANN E. CRUMBIE, Respondent, v. THE MANHATTAN RAILWAY
COMPANY, Appellant.

*Evidence taken on an unauthorized interlocutory reference — cannot be read upon
the trial if objected to — what is not a waiver of the objection.*

When, upon the trial of an action, one of the parties thereto seeks to read evi-
dence which has been taken before a referee in a manner not provided by law,
the adverse party, although he has appeared and participated in such examina-
tion before the referee, has the right to object to its introduction, and the over-
ruling of an objection thus taken is erroneous.

APPEAL by the defendant, The Manhattan Railway Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York on the
13th day of July, 1894, upon the report of a referee.

The issues in this action came on for trial at a Special Term of
the Supreme Court, held at the city of New York, at which, after
certain evidence had been offered by the plaintiff and received, "the'
court at this juncture suspended the trial of this case and announced
that an interlocutory order of reference would be entered by the
court of its own motion herein, to a referee to be named by the
court.

"Defendant's counsel asks to have the right reserved to defend-
ant to offer any proof relating to the title of these premises, mort-

---

* The other cases of this term will be found in volume 82 Hun.— [REP.

HUN — VOL. LXXXIII.     1

gages or incumbrances, at a subsequent stage of the case, as he is not possessed of information on that subject at present.

"The Court: I will refer the question of incumbrances on the premises to the same referee, so that if you wish you may offer it before him."

An order was then entered referring the case to the referee "to take testimony as to the amount of damage, if any, suffered by the plaintiff by reason of the maintenance and operation by the defendant of its elevated railway in front of the plaintiff's premises, and to report the same to the court with his opinion thereon, and also to take testimony and report with his opinion thereon as to the value of the plaintiff's property taken or appropriated by defendant for the maintenance and operation of its railway in front of said premises."

It was further ordered, "that upon the filing of said report in the office of the clerk of this court, either party may apply to the court upon eight days' notice for the continuation and closing of the trial of the above-entitled action and for judgment therein."

Under said interlocutory order of reference proceedings were had and witnesses were examined before the referee named therein.

Subsequent to said proceedings before said referee, the latter made and filed his report and findings on the 17th day of June, 1893, which purported to constitute an award or decision in favor of the plaintiff. Plaintiff thereafter moved under the foregoing order of reference for the continuation and closing of the trial of this action, and for judgment therein. Said motion was granted by the judge before whom it was made, and pursuant to such direction this case came on for a continuation of the trial on the 26th day of October, 1893, and the following proceedings were had thereupon:

Plaintiff's counsel offered the evidence taken before the referee and rested.

Counsel for defendant objected to the admission of said record or testimony in evidence upon the ground that it was incompetent and hearsay, and upon the further ground that the order of reference under which it is taken is void, and upon the further ground that the admission of said record or testimony taken under said order of reference would deprive the defendant of its constitutional right to

have the testimony taken in equity cases in the same manner as in actions at law.

The court overruled the objection, and counsel for defendant duly excepted.

Counsel for defendant then moved the court to dismiss the complaint upon the ground that the plaintiff had failed to prove facts sufficient to constitute a cause of action against the defendant.

The court denied the motion, and counsel for the defendant duly excepted.

*Julien T. Davies* and *A. O. Townsend*, for the appellant.

*H. G. Atwater*, for the respondent.

PER CURIAM:

It now seems to be well settled that the court should not make such an order of reference as was made in this case. Upon the trial the defendant had the right to take the objection that the evidence sought to be introduced had not been taken according to law.

Suppose a party participates in a *de bene esse* examination, unless the evidence is certified to the court according to law such evidence cannot be used upon a trial. The party does not waive these statutory requisites by appearance upon the taking of the testimony. So, in the case at bar, when it was sought to read upon the trial the evidence which had been taken in a manner not provided by law, the appellant had a right to object to its introduction, and the overruling of such objection was error.

The judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — VAN BRUNT, P. J., PARKER and FOLLETT, JJ.

Judgment reversed, new trial ordered, costs to appellant to abide event.