### JARVIS v. BRENNAN et al.

(Supreme Court, Special Term, New York County. March 30, 1895.)

DEPOSITION—EXAMINATION OF INFIRM PARTY.

Code Civ. Proc. § 872, subd. 5, which contains certain provisions relative to taking the deposition of infirm persons, and provides that "this subdivision does not apply to a case where the person to be examined is a party to the action," merely exempts a party to the action from the restrictions contained in such subdivision, and does not deprive him of the right of having his testimony taken by commission, where he has complied with other provisions of the statute.

Action by Jarvis against Brennan, as executor, and others. Defendants move to vacate an order directing plaintiff's examination before trial. Denied.

Woolsey Carmalt, for plaintiff.

Henry A. Rawcliffe, for defendants.

BEEKMAN, J. This action is on the special term calendar, and will shortly be tried. The plaintiff is 84 years of age, and is confined to her house by sickness. An order has been granted, upon her application, providing for her examination before trial, the order appointing a referee before whom the examination is to be had. A motion is now made to vacate this order, on the ground, principally, that subdivision 5 of section 872 of the Code of Civil Procedure prohibits the examination of a party where the ground for such examination is physical infirmity, and this claim is based upon the last sentence of that subdivision, which reads as follows: "But this subdivision does not apply to a case where the person to be examined is a party to the action." This same question was raised in the case of Loan & Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358. At page 361, 144 N. Y., and page 358, 39 N. E., Judge Andrews, in giving the opinion of the court, says:

"This is a clear misapprehension of the Code provision (section 872, subd. 5) as it now stands. The last clause in the subdivision was inserted to except a party to an action from the restriction in that subdivision. A party complying with the provisions of the other sections is permitted to perpetuate his own testimony in the case by an examination before trial. There can be no doubt about the correctness of this construction."

The other objection raised is that the examination cannot be had before a referee, because this is an equity action, and the court at general term in this department has held that in such actions tes-

timony cannot be taken in that manner.    Crumbie v. Railroad Co., 83 Hun, 1, 31 N. Y. Supp. 497.    It is true that the case in question so holds, but the facts show that the order of reference in that case was not made under sections 872 and 873 of the Code; but when the case was called for trial at special term, and was actually on trial, the presiding judge suspended the proceedings, and ordered the testimony to be taken before a referee.    In the case of an examination of a party or a witness before trial, under section 872, the Code expressly provides (section 873) that "the order must require the party or person to be examined to appear before the judge, or before a referee named in the order, for the purpose of taking the examination at a time and place therein specified."    The right, therefore, of the plaintiff to apply for such an order is clear, and, in view of her great age and infirmities, I think that her right to have the order granted was equally clear.    Her testimony upon the trial is important and material to her case.    The defendants claim that she is also mentally infirm, but there are no facts before me upon which I can form any judgment as to the correctness of the opinions which are expressed on that subject.    The opposing affidavits deny any mental unsoundness on her part.    It may well be assumed that at her age there is some failure of memory, but, as the defendants are entitled to be represented at the examination, they will have an opportunity of developing that fact, if it exist, on the cross-examination of the witness.    The motion to vacate the order is denied, with $10 costs.