LEONHARD NAGEL, Respondent, v. WILLIAM H. LEAGUE, Appellant.

| 70 | 487 |
| 98 | 588 |

St. Louis Court of Appeals, April 20, 1897.

Lease: FORFEITURE: WAIVER. Where, after notice of and suit to enforce an alleged forfeiture of a lease, on the ground that the premises were untenantable, under a clause in the lease providing for a forfeiture in that event, the lessor brought a second action under the landlord's summons act, wherein he asserted defendant was still his tenant and indebted to him as such for rent, accruing after the notice of forfeiture, such action was a recognition of the existence of the tenancy under the lease, and a waiver of the declaration of forfeiture; and this, even though the alleged ground of forfeiture could be construed as a continuing one.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

REVERSED AND REMANDED (*with directions*).

*Woerner & Woerner* for appellant.

Any recognition of a tenancy as subsisting after a right of entry has accrued and the lessor has notice of the facts, will have the effect of a waiver of the forfeiture, which can not thereafter be asserted. *Garnhart v. Finney*, 40 Mo. 449, 460; 2 Platt on Leases, 468; *Horn v. Peteler*, 16 Mo. App. 438, 440; *Conger v. Duryee*, 90 N. Y. 600; *Murray v. Harway*, 56 *Id.* 342. See, also, *Camp v. Scott*, 47 Conn. 366, 371; *Jackson v. Sheldon*, 5 Cow. 448, 454, 455; *McKildoe v. Darrscott*, 13 Gratt. 27.

No ground of forfeiture save that contained in the notice served can be claimed or considered. *Brooks v. Rogers*, 99 Ala. 433, 437.

The breach alleged was not a "continuing breach" so as to give the landlord a continually new cause for

forfeiture, which he could waive one day and claim the next; but if it had been, it could make no difference here. *Conger v. Duryee*, 90 N. Y. 600.

*B. Schnurmacher* for respondent.

Waiver is always a question of intention. *Marchildon v. O'Hara*, 52 Mo. App. 523.

A waiver differs from estoppel in that it depends solely on the intention of the party against whom it is invoked. *Stiepel v. Mut. L. Ass'n*, 55 Mo. App. 224; *Plow Works v. Iron Works*, 56 *Id.* 1; *O'Key v. Ins. Co.*, 29 *Id.* 105.

It is difficult to see any difference on principle between the claim of waiver set up in this case, and that urged in *Mooers v. Martin*, 23 Mo. App. 651, affirmed in 99 Mo. 94.

BOND, J.—Plaintiff demised the premises in question to defendant by lease dated May 21, 1895, for a term of five years, at $91.66 per month, with certain renewal privileges. The lease provides that the premises should be used only as a livery stable, and contained the following clause: "The destruction of said building by fire, or the elements, or such material injury thereto as to render said premises untenantable for the time being, shall, at the option of said lessor, produce or work a termination of this lease." The building was injured by the tornado of May 27, 1896. On the nineteenth of June, 1896, the lessor gave notice of his intention to terminate the lease, under the option reserved therein, on the ground that it had become untenantable. Defendant disputed the right of plaintiff to declare such forfeiture and retained possession of the property and continued business therein, whereupon plaintiff on June 24, 1891, instituted this

Nagel v. League.

action of unlawful detainer before a justice of the peace. Upon a trial before the justice defendant had judgment, from which plaintiff appealed to the circuit court. Pending said appeal, and on August 8, 1896, plaintiff brought a second action against defendant under the landlord's summons act, and in his affidavit for process in that suit, plaintiff stated that defendant was his tenant, and as such was indebted for rent of said premises in the sum of $274.98, for the months of June, July, and August, 1896. When the landlord's summons case was heard by the justice, it was dismissed, against plaintiff's objection. Upon the trial of the unlawful detainer suit in the circuit court the proceedings under the landlord's summons action were shown, and it further appeared in evidence that defendant continued to use the premises as a livery stable after the injuries caused by the cyclone, and was so using it at the date of the trial.

The court refused a declaration of law requested by defendant in the nature of a demurrer to the evidence, and gave at his request the following declaration of law:

"The court declares the law to be that if the court, sitting as a jury, believes from the evidence that, although the plaintiff had a just ground at his election to terminate the lease in evidence, entered into between him and defendant, such ground existing at or before the institution of this action, yet if plaintiff with knowledge of the facts did at any time thereafter and before the submission of this cause in this court, and while said defendant was still refusing to vacate the premises, recognize defendant as his tenant and assert the existence of the relation of landlord and tenant between himself and defendant, then the plaintiff can not recover."

The above declaration of law was a correct state-

Nagel v. League.

ment of the rule applicable under the facts in this case.
In accordance with it and the conceded facts the court,
sitting as a jury, should have found a ver-
dict in favor of defendant. It is admitted
by plaintiff that after serving defendant
with a written declaration of forfeiture of the lease for
a specific reason, and after bringing the present action
to *enforce* such forfeiture, he instituted another under
the landlord's summons act, wherein he asserted under
oath that defendant was still his (plaintiff's) tenant,
and as such owed $274.98 for rent accruing subse-
quently to the said declaration of forfeiture.

LEASE: forfeiture: waiver.

That the second action could only have been begun
in the prosecution of an intention to charge the defend-
ant, as tenant, is evident, since the statute only gives
that mode of redress to landlords against their tenants,
who refuse to pay rent. R. S. 1889, sec. 6391, *et seq.*
In a proceeding of this nature the landlord does not
have an absolute right to forfeit the lease for nonpay-
ment of rent by his tenant. For the tenant may avoid
a forfeiture by showing on the trial that the rent has
been paid, or by then tendering the amount due, and
in either event the tenancy is continued. *Tarlotting v.
Bokern*, 95 Mo. *loc. cit.* 544; R. S. 1889, sec. 6394.
Hence, it is manifest that a landlord's summons can
not be regarded in any other light than an intentional
attempt to recover possession and unpaid rents on ac-
count of an existing tenancy. This disposes of the
argument of the learned counsel for respondent, to the
effect that the plaintiff in bringing his landlord's sum-
mons suit did not thereby intend to assert that the de-
fendant therein was still a tenant under the lease. If,
on the contrary, as we have shown, such a proceeding
was necessarily predicated upon an affirmation of exist-
ing tenancy, then being intentionally begun, it was a
waiver in law of the previous declaration of a forfeiture

of such tenancy.  For defendant could not, at the same time, both be and not be a tenant.

Forfeitures are not favored, and may be waived at any time prior to their enforcement.  "Slight acts are deemed sufficient for this purpose, and any recognition of a tenancy subsisting after the right of entry has accrued, and the lessor has notice of the forfeiture, will have the effect of a waiver."  *Garnhart v. Finney*, 40 Mo. *loc. cit.*, 460.  In the case at bar if the defendant had paid the rent demanded of him as tenant on the twenty-eighth of July, 1896, it can not be doubted that its receipt by plaintiff would have operated as a waiver of the forfeiture, which the previous action of unlawful detainer was brought to enforce.  The fact that the payment was not actually made and received does not detract from the circumstances showing the intention of plaintiff to hold the defendant as his tenant.  For the evidence is undisputed that plaintiff demanded the rent which had accrued for several months, after bringing his action for the alleged forfeiture, and upon the nonpayment thereof, he made oath that defendant was still his tenant, and upon that basis secured the process of the courts to enforce a collection from him as such. Nothing in plaintiff's power tending to show the fact of such tenancy and to enforce it by legal machinery was omitted.  Upon the principle that a man must be held to intend the only and necessary consequences of his action, we must conclude that plaintiff in fact and law distinctly recognized defendant as his tenant after the suit brought to enforce the forfeiture under the lease, and by such demand and recognition waived any right to recover in that action.  2 Platt on Leases, p. 468.

The case of *Mooers v. Martin*, 23 Mo. App. *loc. cit.* 654; s. c., 99 Mo. 94, cited by respondent, has no bearing on the point under review.  That case merely holds

that a landlord who has received possession of the premises from the tenant is not precluded from recovering for a part of the rent due, by reason of having brought a second action of the same kind, which was subsequently dismissed by him, for the remainder. Neither does the case of *Farwell v. Easton*, 63 Mo. 446, aid the respondent. In that case the court held that a *continuing* breach of the covenants of a lease was not waived because prior to the institution of a suit to enforce a forfeiture the plaintiff had received rents. There was no reception of rents in that case after suit was brought. Neither is the character of the breach alleged in this action at all similar to the one complained of in the decision quoted. In that case the lessee day by day violated the covenants of the lease as to the use of the property. In the case at bar the alleged breach was occasioned without any agency on the part of defendant, and was the single result of external forces operating at one time. If, however, the ground of forfeiture alleged herein could be construed as a continuing one, still there could be no recovery in the present action. For the rule as to continuing forfeitures is, that "a waiver, or election to affirm, is equivalent to a new lease with the same continuing covenants and conditions. No past breach can be used upon which to hinge a right of re-entry." *Conger v. Duryee*, 90 N. Y. *loc. cit.* 600. Hence the plaintiff in this case could not rely on any ground of forfeiture antecedent to his waiver, and as it is elementary that there can be no recovery in a pending action for a forfeiture accruing after its institution, the plaintiff must fail in this case. The result is that the judgment herein is reversed and the cause remanded, with directions to enter judgment for defendant. All concur.