EWING, Respondent, v. O'MALLEY, Appellant.

St. Louis Court of Appeals, November 1, 1904.

1. **LANDLORD AND TENANT: Notice to Quit: Service of Notice.** In an action by a landlord against a tenant for possession after thirty days' notice to quit, where the evidence tended to show that the plaintiff's agent did not know the whereabouts of the defendant when he undertook to serve the notice, but served it on the defendant's agent in charge of his place of business, and that the notice was placed in the hands of the defendant on the same day, it was sufficient to authorize the trial court to find the notice was personally served on the defendant.

2. ———: ———: **Second Notice: Waiver.** The giving of a second notice to quit, after the expiration of the time fixed in the first notice, was not a waiver of the first notice, where, at the time of the service of the second, suit for possession had been commenced by the landlord based on the first notice.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Walther & Muench* for appellant.

(1) Notice of intention to terminate a monthly tenancy must be served personally. Van Studdiford v. Kohn, 46 Mo. App. 436; De Giverville v. Stolle, 9 Mo. App. 185; Taylor on L. & T. (7 Ed.), sec. 484. (2) The second notice of termination of tenancy was an admission that a tenancy still subsisted and amounted to a waiver or abandonment of the first notice. Nagel v. League, 70 Mo. App. 487; Morgan v. Powers, 83 Hun 302; D'Arcy v. Martyn, 63 Mich. 602; Dockrill v. Schenk, 37 Ill. App. 44; O'Neill v. Cahill, 2 Brews. (Pa.) 357; Doe v. Palmer, 16 East 53; 1 Woodfall on Landlord and Tenant (1890), p. 356.

*Marion C. Early* for respondent.

(1) A full current month's notice is all the law requires to terminate the relation of landlord and tenant and it is not essential that service of such notice be personal. R. S. 1899, secs. 3356 and 4110; Hinninger v. Trax, 67 Mo. App. 521. (2) The mere service of a subsequent notice is not a waiver of the first notice unless the facts and surrounding circumstances clearly indicate that a waiver was intended. The legal effect of a subsequent notice, if authorized, is an admission that defendant is still in possession, without admitting that it is lawful. Dowell v. Johnson, 17 Pick. 367; Williams v. Humphrey, 2 East 236; Digby v. Steel, 3 Camp. 117.

STATEMENT.

Defendant was plaintiff's tenant, holding premises Nos. 308-310 North Tenth street in the city of St. Louis. His tenancy was from month to month. Plaintiff undertook to terminate the term by giving defendant thirty days' notice to quit. The notice is sufficient in form, and substance. The sufficiency of its service on defendant is contested. On appeal from the justice's court to the circuit court, on a trial *de-novo* in the latter court,

the issues were submitted to the court sitting as a jury. The facts developed at this trial show, that the premises are occupied by defendant as a saloon, and that his brother, John O'Malley, had charge of the saloon and paid the monthly rent to plaintiff's agent as it fell due on the first of each month. Defendant is in the employ of the city water department and has a district under his supervision which requires him to be out over his district every day, but he communicates over the telephone with the water department at the city hall three times a day. It also shows that in the early morning hours and from five to ten o'clock in the evening of each day, he was personally in charge of the saloon. Notice was served or attempted to be served by John J. Reardon, an employee of the Noonan Real Estate Company, agent for plaintiff. In respect to the service of the notice, Reardon testified as follows:

"I called at the premises on September 29 and asked to see Thomas O'Malley and I met John O'Malley whom I knew very well; he said Thomas O'Malley was not there and then I served the notice on John O'Malley, who was in possession of the premises at that time. All my financial dealings, in fact all my business relative to these premises and the O'Malley tenancy, were made with John O'Malley; during the last two years my business transactions were conducted with John O'Malley; I did not know where Thomas O'Malley was at the time this notice was served; I know that he had been employed elsewhere, but I do not know where he was at that time when I went to serve the notice."

Witness said he had seen Thomas at the premises several times during the last five years. That he heard the testimony of the defendant at a former trial of this suit, and defendant swore that his brother John told him of the notice and showed it to him on the evening of the day it was served, and that John swore he showed the notice to Thomas. He further testified that he saw the license, under which the saloon was being con-

ducted, at the license commissioner's office, and that it was in the name of John O'Malley.

The defendant's evidence shows that defendant, at the date of the service of the notice, resided at No. 400 North Twelfth street, in the city of St. Louis, and had resided there for some time previous. The evidence also shows that several notices, issued for service on defendant during the pendency of this suit, were personally served on him by the constable in the city of St. Louis. Defendant swore that the saloon license was issued to him and in his name, and was posted up in the saloon September 29, 1903; that he never saw the notice of September 29 until produced at the trial; that his brother John never told him it had been left at the saloon, and he did not know of its existence until it was produced at the trial.

The evidence also shows that Reardon, on December 24, 1903, personally served on defendant the following notice:

"NOTICE TO TENANTS.
"St. Louis, Missouri, December 24, 1903.
"Mr. Thomas O'Malley, No. 308-310 N. Tenth street.

"You are hereby notified and required to yield up and deliver to me possession of the premises you now occupy, consisting of the certain two store-rooms situated on the first floor of the two-story brick building known as Nos. 308 and 310 North Tenth street, of the city of St. Louis, State of Missouri, on the thirty-first day of January, 1904, as it is my intention to terminate your tenancy at that time.

"A. B. EWING,
"By ROBERT M. NOONAN."

BLAND, P. J. (after stating the facts).—1. Two questions are presented by the appeal; one as to the sufficiency of the service of notice to quit, the other as to the legal effect of the service of the notice of December 24, 1903.

In Van Studdiford v. Kohn, 46 Mo. App. l. c. 439, this court, in respect to the service of notice to quit on a tenant from month to month, said: "We have repeatedly held that, where the statute requires service of a written notice, and no mode of service is provided for by law, the statute contemplates personal service. The statute in this case does not provide for the manner of service, and would require personal service, at least in all cases where such notice can conveniently be given." Further on the court said: "But none of the American cases cited to us go to the extent of holding the service of a notice sufficient, which was neither personal nor made upon a party upon whom, under the statute, the service of a summons would have been availing." If, however, it is shown that personal notice on the defendant was impracticable, or his whereabouts were unknown to the plaintiff, and a copy of the notice was left with the person in charge of his place of business, and the agent with whom the copy was left actually made a timely delivery of the notice to the defendant, the service will be sufficient. Langan v. Schief, 55 Mo. App. 213. There was evidence tending to show that the plaintiff's agent did not know the whereabouts of the defendant when he undertook to serve the notice and, further, that the notice was placed in the hands of defendant on the day it was left with his agent at his place of business, and we are not prepared to say that there was no evidence authorizing the court to find that the notice was in fact personally served on defendant.

2. If nothing more appeared, the giving of the second notice to quit, after the expiration of the first, should be deemed a waiver of the first. Nagel v. League, 70 Mo. App. 487; Morgan v. Powers, 83 Hun l. c. 302; Doe v. Palmer, 16 East 53 But at the time the second notice was given, suit had been commenced based on the first notice, and the plaintiff continued thereafter to prosecute the suit. For the reason, the defendant could not suppose that plaintiff intended to abandon a notice

on the foundation of which he was proceeding to turn him out. 2 Taylor, Landlord & Tenant, sec. 486. Discovering no reversible error in the record, the judgment is affirmed. All concur.