### MISSISSIPPI GLASS CO. v. POLAND.
#### No. 12377.

Circuit Court of Appeals, Eighth Circuit.

March 15, 1943.

Rehearing Denied March 29, 1943.

* * * * *

S. Mayner Wallace, of St. Louis, Mo. (T. M. Pierce, A. M. Menzi, and Ralph B. Graham, Jr., all of St. Louis, Mo., on the brief), for appellant.

Clifford Greve and Thomas L. Croft, both of St. Louis, Mo. (Richmond C. Coburn, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

· The primary question involved is whether, under the law of Missouri, a notice served upon a month-to-month tenant to quit the premises by December 1, 1939, was revoked as a matter of law, by a communication from the landlord·on December 15, 1939, that "we will extend the period of your tenancy only until the end of this month, and * * * will take possession of the building on the morning of January 3rd, 1940", and by the acceptance thereafter of the December rent. At the time the notice was served, the tenant was in no way in default, but the landlord desired the property for its own business purposes.

The trial court took the view that the notice to quit had been revoked as a matter of law. The landlord contends on this appeal that the legal effect of its actions· was merely to extend the quitting date and not ·to nullify or revoke the notice.

The rule which the trial judge applied is that of the weight of authority. See 4 Thompson on Real Property, Permanent Edition, 148, § 1639; 32 Am.Jur. 843, § 1004; 120 A.L.R. 562, annotation. It has indicative sanction in Nagel v. League, 70 Mo.App. 487, and some analogous recognition in Garnhart v. Finney, 40 Mo. 449, 93 Am.Dec. 303; Eurengy v. Equitable Realty Corporation, 341 Mo. 341, 107 S.W. 2d 68; and Frank v. Dodd, Mo.App., 130 S.W.2d 210.

It is true that the Missouri courts have held that, where rent for continued occupancy is accepted after the institution of a suit for unlawful detainer, the question whether the notice to quit has been waived is generally one of fact for a jury. Lebow v. Hudson, Mo.App., 226 S.W. 968. But this is because of the legal force accorded the institution of the suit itself as evidence of the landlord's intention, as the authorities cited in support of that decision demonstrate and as Ewing v. O'Malley, 108 Mo.App. 117, 82 S.W. 1087, similarly emphasizes.

No Missouri decision has been cited to us, and we have found none, that convinces us that the trial court erred in construing the Missouri law to be that, where no suit to recover possession has been instituted, any definite recognition of continued rightful occupancy in the tenant and the acceptance of rent therefor, after the effective date of a notice to quit, as, in the present case, by the landlord's written extension of "the period of your tenancy" for another month, and the acceptance of rent for the period, nullifies the notice to quit and constitutes a revocation of it as a matter of law, unless the parties can be competently shown to have mutually and clearly agreed that the notice should be extended and continued effective. The landlord can not unilaterally extend and continue the application of the notice, where he has otherwise legally precluded himself from enforcing it. The Missouri

Supreme Court has declared that a notice to quit must be absolute. Ayres v. Draper, 11 Mo. 548. It must equally remain so and be currently capable of enforcement by legal action at all times after its fixed effective date, unless the parties mutually have unequivocally extended its application. It will be noted that the landlord's communication in the present case did not even refer to the notice, but merely made a specific extension of the tenancy and stated that possession would be taken of the property "on the morning of January 3rd, 1940". The extension was not "signed by the parties thereto, or their agents", and hence, under section 2971, Mo.R.S.A., the granting of the additional month's occupancy was merely legally equivalent to the creation of another month to month tenancy, which itself required one month's notice in writing before the tenant's possession could be claimed to be unlawful. The declaration in the letter of December 15, 1939, of an intention to take possession of the property on January 3, 1940, was not such a one month's notice.

Appellant argues that, under section 2970, Mo.R.S.A., which provides that, where a tenancy has once been terminated by proper notice, "in any suit thereafter between said parties, oral testimony shall not be admissible to vary, alter or abrogate, the effect of the notice required and given * * * but such notice may be varied, altered or abrogated only by written evidence thereof and bearing an actual date subsequent to the date of the notice * * *", the circumstances discussed above could not themselves be recognized as competent evidence of a revocation of the notice. But the landlord's letter of December 15, 1939, extending the tenancy, and the tenant's check, admittedly accepted in payment of the December rent, would clearly constitute competent written evidence, within the intendment of this statute, to establish a revocation or abrogation of the notice by operation of law for any purpose.

For informational purposes, it may be added that the action here involved was one to recover rent on the regular basis, for the period from January to August, 1940, when the tenant finally vacated the property—the landlord during that period having refused to accept the tenant's monthly tendered checks; to recover also double rent for the alleged wrongful occupancy on the basis of the specific terms of the previous tenancy; to recover, in addition, special damages which it was claimed the landlord sustained in the way of extra expense by reason of not being able to obtain possession of the property for its own business purposes; and finally to recover exemplary damages on the ground that the tenant's actions had been wilful and wanton. The trial court instructed the jury to return a verdict for the amount only of the regular rent accruing during the period involved. Whether the landlord would legally have been entitled to recover double rent, special damages and exemplary damages, or some of them, if the tenant's possession had been wrongful, there is no occasion for us to consider. The tenant's possession here was not wrongful, since the notice to quit had been revoked as a matter of law.

The judgment of the trial court is affirmed.