### CORBETT v. URCIOLO et al.
### No. 507.

Municipal Court of Appeals for the District of Columbia.

July 25, 1947.

Otho D. Branson, of Washington, D. C., for appellant.

Leonard C. Collins, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an action for damages based on alleged misrepresentations in the sale of a house to plaintiff by defendants, who were the seller and his broker. The trial court found in favor of defendants and plaintiff has appealed.

If plaintiff's evidence is accepted, the following occurred. Plaintiff desired to purchase a house with ten rooms and two baths, and asked Clark, a broker, to find such a house. Clark had a listing from defendant Urciolo, the seller's broker, of three houses on the same street, including the house in controversy. The three houses were generally of a similar type and Clark took plaintiff through one of them but did not take him into the house in controversy because those in possession would not permit it. Plaintiff and Clark returned to Clark's office and Clark telephoned Urciolo, telling him he had a prospective purchaser for the house in controversy and asking for a description of the interior. Urciolo stated the house contained nine rooms and two baths and was in good condition. Plaintiff listened to this conversation, and relying on Urciolo's statement signed an offer to purchase the house for $16,200, writing on the offer the following notation: "This contract subject to approval of purchaser after inspection of house." Clark presented the offer to Urciolo who accepted on behalf of the owner after crossing out the above quoted notation and inserting this notation: "Has H. W. Heat oil." An executed copy of the contract, with the changes made by Urciolo, was delivered to plaintiff. Plaintiff, relying on the representations made by Urciolo in the telephone conversation, accepted the contract as changed and settlement was thereafter made. Three days after settlement plaintiff for the first time saw the interior of the house and discovered that the house contained only eight rooms, a single bathroom in bad state of repair, and a defective hot water system.

On the other hand, if defendants' evidence is accepted, neither of the defendants had ever seen the interior of the house, defendant Uricolo having recently purchased the house and sold it to defendant Koutsos before obtaining title and Koutsos had not obtained title when he contracted to sell to plaintiff. Koutsos never talked with plaintiff or Clark prior to the sale. Urciolo made no representation in his telephone talk with Clark respecting the number of rooms or bathrooms in the house. When Clark presented the offer containing the notation, "This contract subject to approval of purchaser after inspection of house," Urciolo said he could not take the contract with that condition, stating he could guarantee only that there was "hot water heat oil" and could make no other representation. Urciolo then struck out plaintiff's notation and inserted his own, and called Koutsos by telephone, told him what had been done and received Koutsos' authority to sign for him. When the contract in its altered form was returned to plaintiff, plaintiff accepted and ratified it.

From the foregoing summary it is clear that the evidence was in sharp conflict, presenting a factual question for the

trial court the court found no misrepresentation was made and we are bound by that finding. The judgment must be affirmed.

There remains a procedural matter requiring our attention. The original record shows that the trial judge made a finding in defendants' favor on March 5, 1947, and that judgment in accordance therewith was entered on March 11. Notice of appeal was filed April 3. Our Rule 27(a) requires that notice of appeal be filed within ten days from the date of the judgment, and therefore, on the face of the record the appeal appeared to be too late. Appellees filed a motion to dismiss the appeal on that ground. However, prior to noting the appeal, appellant filed a motion in the trial court to correct the record by having it show that the judgment purporting to be entered on March 11 was not in fact entered until a day subsequent to March 25; and in answer to the motion to dismiss appellant alleged that at a hearing on his motion to correct the record the docket clerk of the trial court admitted the judgment was not entered on March 11 but at some subsequent time, the exact date being unknown, possibly subsequent to April 1, and that one of the attorneys testified at such hearing that the judgment was entered subsequent to April 1. When the appeal was docketed here and the motion to dismiss made, the trail court had not acted on the motion to correct the record. Thereafter the trial court certified to this court a supplemental record showing that on consideration of the motion to correct, the trial court found that date of entry of judgment was April 3. Thus, the appeal was in time.

It appears, therefore, that the original record was in error as to the date of entry of judgment. This error required unnecessary labor and time on the part of counsel and both courts for its correction. Rule 52 of the trial court as amended January 6, 1947,[1] provides that: "Unless the court otherwise directs, judgment shall be entered on the fifth day after verdict, or finding by the Court, or, if a motion for a new trial or a motion under Rule 46(b) has been filed, the judgment shall be entered forthwith upon the ruling of the Court thereon. * * * *The notation of a judgment in the civil docket, as provided by Rule 66, constitutes the entry of the judgment; and the judgment is not effective before such entry.*" (Emphasis added)

Rule 66A, promulgated January 6, 1947,[2] provides, among other things, that all orders and judgments shall be noted in the civil docket, and that "The notation of an order or judgment shall show the date the notation is made." These rules, if followed, will eliminate any uncertainty regarding the effective date of the judgment, and, of course, it is highly important there be no such uncertainty. It is from that date that the ten days permitted by our Rule 27(a) for noting an appeal begin to run. The time for filing notice of appeal is jurisdictional and cannot be extended by the trial court or by this court;[3] and counsel ought not to be compelled to guess or estimate when such time begins to run. It may be that for practical reasons delay in entering judgment is on occasion justified; but there can be no excuse for not showing the correct date of entry. While Rule 52 states that judgment, if no motion is filed, shall be entered on the fifth day after verdict or finding, it does not mean the judgment is to be dated as of the fifth day even though entered later, as apparently was done in this case. Entries nunc pro tunc should never be made except by order of court and on proper notice. No date of entry or an incorrect date, as in this case, is bound to result in confusion and uncertainty and could possibly result in a litigant losing his right of appeal. It is vital that the trial court take steps to see that its rules in respect to this important matter are carried out.

Affirmed.

---

[1] 74 W.L.R. 1214.
[2] 74 W.L.R. 1214.

[3] Beach v. District of Columbia, D.C. Mun.App., 44 A.2d 926.