**GLENN v. MINDELL.**
No. 918.

Municipal Court of Appeals for the
District of Columbia.

Argued May 22, 1950.

Decided June 28, 1950.

**836**

2d 340. Appellee Mindell had sued for possession of real estate under our so-called Forcible Entry and Detainer Statute.[1] The trial court had entered an order staying proceedings pending final disposition of a District Court action affecting title to the property. The record in that case showed that while the defendant, Glenn, had in her affidavit of defense pleaded title and had begun action in the United States District Court for the District of Columbia to have the sale of the property to Mindell under a deed of trust set aside, she had not filed in the Municipal Court the undertaking which is prerequisite to the effectuation of such a plea of title.[2] Accordingly, we held that that the trial judge had no right to stay the proceedings, that the question of title had not been raised effectively and was not before the Municipal Court, and hence that that court had no right to inquire into it. We ruled that in the absence of an injunction by the District Court or the filing of an undertaking as required by statute, "the Municipal Court is bound to proceed," and we directed that the case proceed to trial.

There followed a trial on the merits in which the court ordered a general finding for plaintiff-appellee for possession. This resulted in the present appeal by the defendant.

I. H. Halpern, Washington, D. C., for appellant.

H. Max Ammerman, Washington, D. C., with whom Seymour Friedman, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

 This litigation was here initially in Mindell v. Glenn, D.C.Mun.App., 65 A.

We must first consider a motion made by appellee to dismiss the appeal as having been filed too late. We have decided that the appeal was timely and that the motion to dismiss must be denied; but because of the unusual sequence of events which followed the second hearing of the case, we think it advisable to indicate the reason for our ruling.

1. § 11—735 of the 1940 Code gives the Municipal Court jurisdiction to grant the summary remedy of possession in certain specified classes of cases. Thurston v. Anderson, D.C.Mun.App., 40 A. 2d 342. This court has ruled that the limitation imposed by the District of Columbia Emergency Rent Act, Code 1940, § 45—1605(b), on actions for possession of housing accommodations does not apply to a forcible entry and detainer action. Brooks v. Trigg, D.C.Mun. App., 51 A.2d 302.

2. Code 1940, § 11—738 provides as follows: "If upon the trial the defendant pleads title to the premises, in himself or in another under whom he claims, setting forth the nature of said title, under oath, *and shall enter into an undertaking, with sufficient surety, to be approved by the court, to pay all intervening damages and costs and reasonable intervening rent for the premises,* the court shall certify the proceedings to the District Court of the United States for the District of Columbia, and the same shall be further continued in said court according to its rules." [Italics supplied.]

Landlord and Tenant Rule 5, of the trial court, requires that a plea of title, must be accompanied by an undertaking.

The record shows that the second trial was had on November 3, 1949, on which date finding for possession was ordered in favor of plaintiff. Defendant then filed an alternative "motion for finding and judgment for defendant or motion for new trial." This motion was heard and denied November 17, and judgment for possession was ordered on the finding in favor of plaintiff-appellee. Such judgment was entered in the docket of the trial court on November 21, 1949 and thereby took effect under Rule 52 of the Municipal Court [3] on the same day. On November 18, defendant had filed a motion for findings of fact and conclusions of law. Seven days after judgment, on November 28, he also filed a motion to vacate and set aside the judgment. These two motions were heard and denied on December 2. At that hearing, counsel for appellant made a representation to the trial judge that it was his last day for appeal. The judge thereupon took the following action as reflected in two entries which appear on the docket that day, December 2:

"4) Oral Motion of defendant to set aside judgment entered on 11/17/49, agreed to by plaintiff's attorney and hereby granted.

"5) Wherefore judgment entered on finding for plaintiff for possession of herein described premises and costs."

On December 5, counsel for appellee having complained that more than the ten days allowed for appeal had elapsed at the time of the December 2 request for more time, was instructed in the presence of opposing counsel to prepare an order voiding orders (4) and (5) above. The order "that findings numbered 4 and 5 of the entry made on Dec. 2, 1949 herein, be and the same are hereby stricken and held for naught," was signed by the judge on December 6, and entered in the docket on December 7. Meantime, on December 6, appellant filed notice of appeal to this court from the judgment entry of December 2.

We do not reach the question of the effectiveness of the order docketed December 7 because in our opinion the earlier entry of judgment on December 2 was void, regardless of whether or not the December 7 order accomplished its cancellation. It was beyond the power of the trial court to set aside a valid judgment just to enter an identical judgment at a later time where such action was merely a device to enlarge the time for appeal. "The time for filing notice of appeal is jurisdictional and cannot be extended by the trial court or by this court * * *" [4] It results that the judgment entered on November 21 remained in force as the only judgment in the case. And since the notice of appeal was intended and stated to be from the judgment (albeit from the invalid order entered December 2 purporting to be a judgment), it is proper to treat the appeal as having been noted from the true judgment of November 21.[5] But this does not mean, as appellee would have us believe, that the appeal filed on December 6 was noted late because it came fifteen days after entry of judgment on November 21. Such a conclusion would ignore the effect of appellant's motion of November 28 to vacate judgment. Thus, while rule 27(a) of this court provides: "Notice of appeal in civil cases shall be filed with the clerk of the trial court within 10 days from the date of the judgment or order appealed from," part (d) of the same rule contains the qualifying provision that, "when a motion has been seasonably filed * * * to vacate * * * judgment, the time specified in sections (a), (b), and (c) hereof shall not begin to run until disposition of such motion." Offered as it was on the seventh day after judgment, we must rule that the motion to vacate was seasonably filed. Therefore, since the time for appeal did not begin to run until disposition of the motion on December 2, it follows that the notice of appeal was timely filed on December 6.

3. Class "A" Rule 52 of the Civil Rules of the Municipal Court, as amended January 6, 1947, 74 W.L.R. 1214, governing entry of judgment, is made applicable to actions like this one by Rule 10 of the Landlord and Tenant Rules.

4. Corbett v. Urciolo, D.C.Mun.App., 54 A. 2d 577, 579.

5. Cf. Diatz v. Washington Technical School, Inc., D.C.Mun.App., 73 A.2d 227.

838

■ Proceeding to the merits of the appeal, we note that appellant has presented thirty-six separate statements of error. Aside from their marked redundancy, we note that many of these are supported by no authority and indeed by no argument. As we have quite recently said, "Our rule 35(5) requires that appellant's brief contain argument in support of the claims of error. When an appellant disregards that rule we will not undertake to comb the record for an understanding of the claimed errors or for a determination of their merits. We consider only those errors assigned and argued." [6]

■ Appellant claims that the manner in which our mandate was put into effect and the case brought to retrial was improper. Our mandate and the opinion on which it was based ordered the case calendared for trial. After a delay of more than six months, caused by motions in this court and in the United States Court of Appeals, our mandate reached the Municipal Court on October 28, 1949. On that day, in the absence of the judge whose order of stay we had reversed, the "central assignment" judge directed entry of the mandate and also directed that the case be calendared for trial.

Appellant says that the judge whose order was reversed was the only one who had power to enter the mandate below. The complaint is without merit. We are cited to no authority that the trial judge is solely empowered to enter an appellate mandate, and certainly the practice has always been the other way. The mandate was addressed to "The Judges of the Municipal Court for the District of Columbia," and the ministerial act of entering it was properly within the province of any judge of that court before whom the case might have come or have been assigned.

■ Nor is there any basis for the claim that the case should have been returned to the original judge for further action. Our mandate, from which the trial court had no power to deviate,[7] clearly required that there be a trial on the merits, completely unencumbered by any earlier proceedings below. This is manifest in view of the rule we approved in an earlier case that even "upon a reversal with general directions the case stands in the trial court in the same position as if no trial had been held * * pleadings can be amended or new ones filed, new issues framed, and a completely new trial will result, subject only to the restriction that the new proceedings shall not be inconsistent with the opinion of the appellate court." [8]

■ We are equally unimpressed with appellant's further complaint that he was refused a continuance. There was a long span of fourteen months between the two trials. This included an interval of seven months between our opinion ordering the new trial and the date of the ultimate trial. During that interval appellant first petitioned for rehearing by this court [9] and thereafter twice sought, and was twice denied, review in the United States Court of Appeals.[10] We are satisfied that the time appellant had to prepare for trial was more than ample. In any event, and certainly under these circumstances, whether to grant a further continuance [11] was a matter discretionary with the trial judge, and the refusal thereof affords no basis for inquiry here.

Other assignments of error relate more directly to the trial itself. These require only a brief reference to the transcript. The only evidence was that produced by appellee, the appellant choosing to offer none. Appellee testified that he had acquired title to the property by purchase at a foreclosure

6. Eide v. Traten, D.C.Mun.App., 73 A.2d 522, 523.

7. Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403.

8. District of Columbia v. Huffman, D.C. Mun.App., 42 A.2d 502, 504; cf. Price v. Daime, D.C.Mun.App., 71 A.2d 608.

9. Rehearing denied April 22, 1949.

10. Petition for allowance of appeal denied September 30, 1949. Petition for reconsideration denied October 27, 1949.

11. The record shows that the trial was actually continued one day from November 2 to November 3.

sale and had subsequently prepared and signed a thirty-day notice to quit, and a copy of such notice was put in evidence. The only other witness was a Mr. Kraft who identified the copy of the notice and testified that he had been present when the original was personally served on the appellant.

 Appellant now renews the claim, made during trial by motion to dismiss, that appellee had no right to maintain the suit because he was not the "real party in interest." Under a rule we laid down in an earlier case involving the same statutory remedy, this appellee, as plaintiff below, "was only obliged to establish that he was 'the person aggrieved' by defendant's failure to vacate," [12] and the evidence of ownership of the property clearly met this requirement.[13] Appellant's position appears to be that appellee is not the "real" owner of the premises, the beneficial interest being in another. This reveals a misconception of the nature of the action, for such a suit puts in issue only the right to possession, with questions of title specifically exempted by statute.[14] On the proof presented there is no doubt that plaintiff, as purchaser under foreclosure, had a right under the statute to maintain the suit.

Appellant presents the further contention that service of the notice to quit was not sufficiently proved. The witness Kraft testified without contradiction that he sat in a truck in front of the premises and saw his driver hand the notice to appellant at the front door of the house. Section 45—906 of the 1940 Code prescribes the manner in which a notice to quit must be served to constitute valid service in this jurisdiction. "There is nothing in this [Code section] which requires that the landlord in person, or an officer, shall make the service. It may be made by *any person* acting for the landlord." [15] [Italics supplied.] Clearly then, the testimony on the subject, if credited, was sufficient to establish proper service of the notice. Appellant argues however that the party who actually made the service should have been produced, and that in his absence the testimony by Kraft was incompetent and should have been stricken. The argument is completely without substance. We know of no statute or decision which requires such mode of proof. A notice to quit is not court process [16] and its delivery may be established just like the delivery of any other paper. Appellant also seeks to challenge the proof of service by stating that the testimony given was "vague" and "untrue" as to certain collateral matters. We need only remark that the credibility of the witness was a question of fact for the trial court.

We have considered other assigned errors and have found them to be without merit. Finding no error in the record, the judgment should be and is

Affirmed.

---

12. J. & J. Slater v. Brainerd, D.C.Mun. App., 43 A.2d 714, 715.

13. Note 12, supra.

14. Note 2, supra.

15. Hardebeck v. Hamilton, 50 App.D.C. 113, 114, 268 F. 703, 704.

16. Craig v. Heil, D.C.Mun.App., 47 A.2d 871.