## BAXTER, Jr., Appellant, v. HEIMANN, Jr., Respondent.

### St. Louis Court of Appeals, November 17, 1908.

1. **LANDLORD AND TENANT: Forfeiture: Re-entry.** The usual mode of enforcing a forfeiture of a leasehold is by re-entry, and any act of the lessor which unequivocally manifests his intention to claim a forfeiture and demand possession is equivalent to a re-entry. Where a lease provided that a forfeiture should be worked by violation of covenants contained in it, and the lessor on a violation of a covenant notified the lessee according to the terms of the lease that a forfeiture was so worked, the lessee was justified in treating the lease as ended without waiting to be turned out by legal process.

2. ———: ———: ———: **Nullifying Forfeiture.** Where a tenant forfeited his lease by a violation of its covenants, and the lessor elected to declare it forfeited and so notified the tenant, and there was evidence to show that the tenant considered himself bound to pay double rent as provided in the lease in case of forfeiture while occupying the premises thereafter, and that he vacated the premises as soon as he could procure another building, it could not be held as a matter of law that the parties elected to ignore the forfeiture.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*Vernon W. Knapp* and *T. J. Rowe* for appellant.

(1) "If a lessor acquiesce in the tenancy by accepting rent of the premises after knowledge that a breach of condition has been committed, he will be presumed to have waived the forfeiture (Ireland v. Nichols, 46 N. Y. 413; McGlynn v. Moore, 25 Cal. 384; Coon v. Brickett, 2 N. H. 163), but to have that effect, it must be rent which became due after the breach." Mart. on Conv., sec. 340; Co. Litt., 211b; Bleeker v. Smith, 13 Wend. 530; Hunter v. Osterholdt, 11 Barb. 33; Jackson v. Allen, 3 Cow. 220; Gomber v. Hackett, 6 Wis.

323. (2) Slight acts are deemed sufficient for this purpose (*i. e.*, to retain the reversion or continue the lease without re-entering to take the land itself) and any recognition of a tenancy subsisting after the right of entry has accrued and the lessor has notice of the forfeiture, will have the effect of a waiver. Johnson v. Douglas, 73 Mo. 168; 2 Platt on Leases, p. 468; Taylor, Land and Ten., pp. 497, 498; Garnhart v. Finney, 40 Mo. 460; Moses v. Loomis, 47 Am. St. Rep. 194.

*E. W. Lee* and *Joseph S. McIntyre* for respondent.

(1) Actual re-entry by the lessor is not necessary to work a forfeiture and termination of the lease. Schaeffer v. Schaeffer, 37 Pa. St. 525; Ray v. Gas Co., 138 Pa. St. 576; Ellis v. Kyger, 90 Mo. 606; Avery v. Railroad, 113 Mo. 561; Cramer v. Amberg, 53 Hun 427; 18 American and English Encyclopedia of Law, Sec. Edition, p. 382. (2) Where non-performance of covenants or conditions in lease, by lessee, is voidable at the election of the lessor, the lease becomes absolutely void, when the lessor makes a demand for possession under circumstances that if complied with—possession would at once be secured—as this is a sufficient re-entry. Hogsett v. Ellis, 17 Mich. 351; Alexander v. Hodges, 41 Mich. 391. (3) An act declaring or claiming a forfeiture by the lessor, where a condition has been broken by the lessee, renders the lease null and void. Walker v. Engler, 30 Mo. 130; Cramer v. Amberg, 53 Hun 427.

GOODE, J.—On July 20, 1902, plaintiff leased to defendant a building at the southwest corner of Lucas avenue and Seventh street in the city of St. Louis, for a term of five years, to commence on said date and at a yearly rental of $4,000, payable in monthly installments of $333.33 1-3, in advance, for which defendant executed his sixty promissory notes under date of July

11, 1902, falling due on successive months thereafter. The notes contained this clause: "Subject to and in accordance with the provisions of the lease this day made for the leasehold at the corner of Seventh and Lucas." Defendant took possession of the leasehold and paid his rent as it fell due to and including the installment for February, 1904. He moved out of the premises March 19, 1904, and refused to pay the subsequent rent notes as they matured. The present action is on the note which fell due May 20, 1904, more than two months after defendant had vacated the premises. He contends plaintiff had declared a forfeiture of the lease and therefore he (defendant) was forced to abandon the premises and rightly refused to pay rent. One clause of the lease provided that if the insurance companies carrying policies on the building, should charge increased premiums because the character of the business defendant conducted increased the risk of fire, the excess of premiums plaintiff was compelled to pay should be refunded by defendant. Plaintiff demanded reimbursement of increased premiums paid for the two years, from July 20, 1902, to July 20, 1904, and on defendant's refusal to reimburse him, suit was instituted to recover the amount of the excess plaintiff paid in consequence of the increased fire hazard due to defendant's business. These actions resulted in judgments for plaintiff for several hundred dollars, being the amount of premiums paid by him for insurance in excess of what would have been charged had not defendant's business increased the risk of a fire loss on the building. The lease contained a provision that any violation of its covenants or agreements by defendant, or those under him, should work a forfeiture of the lease, if the lessor declared a forfeiture by notice in writing, delivered to the lessee, and that the lessee should pay double rent for every day he occupied the premises after the lease was for-

feited. On November 7, 1903, plaintiff notified defendant in writing the lease was forfeited because plaintiff had determined defendant had violated a covenant by refusing to repay plaintiff the excess of premiums paid by the latter for insurance, in consequence of defendant's business. The notice said defendant, by refusing to pay the premiums, had produced and worked a forfeiture of the lease; that the lessor declared the same cancelled and forfeited, notified defendant of the termination of his tenancy and demanded he forthwith vacate the premises and surrender and deliver up the same to plaintiff with all their appurtenances. On receipt of this notice defendant began to arrange for other quarters and subsequently rented storerooms on Washington avenue. When he was served with notice defendant said he would see his attorney and if advised he was bound to vacate, would do so. The evidence in this cause shows defendant conducted a business so hazardous as to increase the rate of insurance. In February 4, 1904, defendant notified plaintiff that pursuant to the prior notice of forfeiture given by plaintiff on November 7th, defendant would vacate and surrender said premises and every part thereof on March 13, 1904. Subsequently, on or about March 19th, defendant moved out of the premises and offered the keys to plaintiff, but the latter refused to accept them. Under the circumstances stated, it is the contention of plaintiff there was no surrender of the premises or forfeiture of the term, but that the notes for the rent to accrue after defendant vacated, are collectible. On the contrary, defendant contends the term was ended by plaintiff's declaration of forfeiture pursuant to the stipulations of the lease, and hence no rent accrued after defendant moved out.

The proposition mainly relied on is that inasmuch as plaintiff never re-entered for breach of condition, no forfeiture occurred. No doubt the usual mode of

enforcing a forfeiture of a term is by re-entry, which may take the form of an unlawful detainer or an ejectment action; and according to the most recent decisions any act of the lessor which unequivocally manifests his intention to claim a forfeiture and demand possession, will be equivalent to a re-entry. Such acts are giving another lease of the premises or demanding possession under circumstances which, if the demand was complied with, would at once restore possession to the lessor. [Alexander v. Hodges, 41 Mich. 691; Kramer v. Amberg, 53 Hun 427; Guffy v. Hukill, 34 W. Va. 49; Read v. Tuttle, 35 Conn. 25; 18 Am. and Eng. Ency. Law (2 Ed.), sec. 382; Jones, L. & T., secs. 483, 485.] In the present case the lease itself provided how a forfeiture should be worked. It said any violation of a covenant or agreement by the lessee should produce or work a forfeiture, if so determined by the lessor by notice in writing served on the lessee by delivering to him a copy. We have not set out the declaration of forfeiture, but it was in writing, elaborate and unequivocal in its terms, and in form and substance conformed to the requirement of the lease. As the clause of the lease which prescribed the mode of determining a forfeiture for breach of a condition was followed strictly by the plaintiff, we hold it sufficed to end the term and justified defendant in treating it as ended without waiting to be turned out by legal process. In other words, he was justified in making an arrangement for other quarters on receipt of plaintiff's notice to quit and in vacating the leasehold as soon as he could.

Another proposition invoked on the appeal is that, as defendant remained in possession until March, or three months after plaintiff had declared a forfeiture, and paid the same rent during said period he had before, instead of paying double rent as the contract provided he should if he remained in possession, the declaration of forfeiture was nullified and the original

term reinstated. In answer to this argument it is contended for defendant, the term absolutely ended with plaintiff's declaration, and no subsequent act of the parties, except a new contract of lease, would restore the term or renew the relation of landlord and tenant. We are unwilling to decide, and it is unnecessary for us to decide, that an agreement restoring the old term could not be implied by law from conduct of the lessor and lessee subsequent to a declaration of forfeiture, which indicated an intention to disregard the declaration and continue the lease in existence. Likely long performance of the terms of a lease by both parties, subsequent to a declaration, would be treated as having reinstated the term and suffice to preclude either party from taking advantage of the declaration. In the present instance the court was not asked to declare any law on the propositions involved; and, hence, on whatever issue the evidence conflicts, it is to be presumed the finding of fact was for the defendant, who prevailed below. Substantial testimony appears in the record to prove defendant considered himself bound for double rent after he was notified plaintiff had elected to forfeit the term, and that he so stated to the plaintiff, excusing himself from paying until an indebtedness he claimed to hold against plaintiff was adjusted. There is testimony, too, to show defendant vacated the premises as soon as he could procure another building, and that he was on the hunt for one from the date he was served with notice to vacate. On such evidence, it cannot be said the only fair finding was that both parties elected to ignore the declaration of forfeiture and go on with the term. On the point in hand this case bears some resemblance to Walker v. Engler, 30 Mo. 130, which involved a lease containing a clause for the payment of double rent for the time the tenant remained in possession of the premises after forfeiture. The stipulation was treated by the Supreme Court as

one for liquidated damages, which the lessor became entitled to receive from the date when he exercised his option to determine a forfeiture, until the lessee vacated. It is fair to presume the present defendant preferred to submit to the penalty of double rent for a few months, rather than move his machinery out of plaintiff's building until he had procured another building wherein to shelter it. Of course plaintiff might have turned him out sooner by an unlawful detainer action; but this was not done and it would be improper for a court of review to hold, on the facts in proof, there was no room for any finding except that the parties elected to treat the original term as intact.

The judgment is affirmed. All concur.