WEAVER MINING COMPANY, a Corporation, Appellant, v. O. B. GUTHRIE, LOUISA W. GUTHRIE, WILLIAM KELLEY, T. A. BRUMMIT, W. J. OWEN and ROCK FORD MINING COMPANY, a Corporation, Respondents.

Springfield Court of Appeals, April 12, 1915.

1. LANDLORD AND TENANT: Forfeitures: Acquiescence in Breach of Conditions: Equity. Equity looks with disfavor upon forfeitures and will not open its door to one who has induced or assented to the condition of which he complains.

2. ESTOPPEL: Preventing the Carrying out of a Contract. A person cannot take advantage of the failure of another to do some act required of him when the complaining party has materially hindered or obstructed the defaulting party.

3. ———: Positions Inconsistent: Mining Lease: Forfeiture. The lessor of mining property claimed forfeiture of a lease and from a judgment in favor of the lessee he appealed. During the pendency of such appeal he cannot, in another suit, insist that the lessee comply with those terms of the lease requiring

the installation of costly machinery and a continuous mining of the lease.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Allen McReynolds, A. W. Thurman, Norman A. Cox* and *Hugh Dabbs* for appellant.

(1) The answers in this case do not set up a plea of former adjudication, and the facts in the record do not support such a plea as there is no identity of cause of action in the two suits. The action pending on appeal in the Supreme Court was for an injunction against trespass. The present action is one to forfeit a lease for the breach of a condition which occurred subsequent to the entry of judgment in the former suit. Rodney v. Gibbs, 184 Mo. 1, 12; Long v. Lackawanna Coal Co., 233 Mo. 735; Wamack v. St. Joseph, 201 Mo. 467. (2) Defendants' answers plead the pendency of a former suit as a bar to the prosecution of the present action. This plea is not sustained by the facts as disclosed by the record, as the causes of action are different, separate and distinct and there are different parties plaintiff and defendant. 1 Cyc. 34; Rodney v. Gibbs, 184 Mo. 1, 12; Long v. Lackawanna Coal Co., 233 Mo. 735; Carter v. Scaggs, 38 Mo. 302; Drey v. Doyle, 28 Mo. App. 251-252. (3) The alleged cause of forfeiture is a continuing one. The fact that the former landlord of defendants had declared a forfeiture for a former breach of condition and brought an action based thereon which was subsequently dismissed, does not prevent plaintiff from prosecuting this action for a forfeiture arising out of a subsequent breach of condition. This is true even though plaintiff, as one of the defendants in an injunction suit now pending in the Supreme Court, pleaded said former

forfeiture, as a defense to the action seeking to enjoin it as a trespasser—plaintiff, as such defendant, having asked no affirmative relief, and the present action being based on a forfeiture for breach of condition which occurred subsequent to the entry of judgment in the injunction suit, and the defendants in the present action not having surrendered possession of the premises or suffered an eviction from the same after the entry of said judgment. Ewing v. Omally, 108 Mo. App. 121-122; Murphy v. Century Bldg., 97 Mo. App. 621; Farwell v. Easton, 63 Mo. 448-449; Taylor on Landlord & Tenant, secs. 486, 500, 501; Underhill on Landlord & Tenant, secs. 403, 408, 469, page 653; Big Six Development Co. v. Mitchell 138 Fed. 279; 18 Am. & Eng. Ency., p. 387; Gluck v. Elkin, 36 Minn. 80, 30 N. W. 446; Jones, Landlord & Tenant, sec. 500.

*Walden & Andrews, W. J. Owen* and *Howard Gray* for respondents (except The Rock Ford Mining Co.).

(1) Where the landlord has declared a forfeiture for failure on the part of the tenant to observe the covenants of the lease, that while the former is attempting to enforce such forfeiture he cannot forfeit the lease because the tenant has not performed such covenants while the landlord is seeking to enforce the forfeiture which he has previously declared. LaFayette Gas Co. v. Kelsey, 74 N. E. 7; Consumers Gas Trust Co. v. Ink, 71 N. E. 477; Conger v. Duryee, 90 N. Y. 594; Consumers Gas Co. v. Worth, 71 N. E. 489; Stuyvesant v. Davis, 9 Paige, 427; Linden v. Hepburn, 3 Sandf. 668; Taylor's on Landlord & Tenancy, 499; Nagel v. League, 70 Mo. App. 487; Baxter v. Heimann, 134 Mo. App. 260. (2) · Forfeitures are not favored and equity looks with disfavor upon them and will not open its doors to one who has induced or assented to the

conditions of which he complains.  Consumers Gas Trust Co. v. Ink, supra; Nagel v. League, supra.

STURGIS, J.—This is a suit to determine title to certain lands and more particularly to have the court adjudge that defendants have forfeited their rights to mine on the land in question by reason of having failed to comply with the terms and conditions of the mining lease under which they claim such rights. The plaintiff is the present owner in fee of such land. The mining lease in question was made by plaintiff's grantor, then owner of the land.  This lease, dated· November 5, 1909, gives to one Otto the right to mine said land for ten years, subject to conditions, among others, requiring the lessee to mine the land continuously in good faith and to install and operate all necessary machinery and pumps to drain the land.  Soon after its execution, Otto assigned a one-eighth interest in the lease to defendant Brummit.  Otto and Brummit, on May 27, 1912, subleased a large part of the land to parties who assigned the sublease to defendant Louisa W. Guthrie, who is the principal defendant in this case and will be designated as the defendant. This sublease to her contains provision as to continuous mining, installing and operating machinery and draining the land, equally burdensome as those of the original lease, so that a compliance with its terms would be a compliance with the terms of the original lease. Subsequently the other defendants herein acquired undivided interests in the original lease.

·On February 26, 1914, the plaintiff, as owner of the land, declared a forfeiture of all their mining rights against all the defendants as owners of the original and sublease and duly posted and served notice on them to that effect, such notice declaring that said defendants are required to vacate and give possession of said land within ten days thereafter. The grounds of the forfeiture are declared to be: "Because you

have failed to mine said land continuously, as in said lease provided; Because mining operations have been suspended on said land for more than ten (10) days at a time without the written permission of the undersigned lessors; Because you have failed to keep said land drained so that the same can be successfully mined.''

On the trial of this case the trial court settled, adversely to defendants' contention, that said grounds of forfeiture existed and that plaintiff was entitled to declare a forfeiture of the defendants' mining rights and is entitled to a consequent judgment in its favor in this case unless the defendants are excused from a compliance with the terms of the lease mentioned by reason of the action of plaintiff in insisting on the validity of a prior forfeiture of defendants' rights under this same lease. On this ground the court found for defendants and plaintiff has appealed.

The defendant, Louisa W. Guthrie, pleads and the record shows that, in 1912, after she had obtained her sublease of the land, she was compelled to and did bring suit against this plaintiff and certain of its officers and agents to restrain them from interfering with and obstructing her mining operations on said land under the lease mentioned and avers: ''The said defendants (plaintiff here) have conspired and confederated to deprive the plaintiff (defendant here) of her said lease upon the said land, with a view of obtaining the same for their own use and benefit; that this plaintiff has been so hindered in the working of the said land by the said defendants, for more than two months, last past, and said defendants will continue unlawfully to obstruct the plaintiff's use of the said land, and to so annoy the plaintiff as that she will abandon the said land. That the said defendants have gone upon the said land and built what is known as a dog house, and have piled timbers around the shafts of the plaintiff, all for the purpose of compelling the

plaintiff to abandon her said lease, etc." This plaintiff's answer in that case sets up that the only right which the said Louisa W. Guthrie had to mine on said land was under the leases in question and that said leases required the lessees to do continuous mining and to operate mining machinery and necessary pumps to drain said land of water, and that said defendant and others interested in said leases had failed to do so and that on September 18, 1912, a notice of forfeiture was given and posted declaring said land forfeited as against the holders of said leases. Said answer sums up the defense of this plaintiff thus: "Defendants recite that the plaintiff has at all times failed and refused to comply with the terms of her lease and that the same has been forfeited and that plaintiff is no longer in possession of said lease but that the lease is in the possession of the representatives of the owner of the fee simple title of said property."

On the trial of that case the court found for the plaintiff, defendant here, and, on December 27, 1913, entered judgment enjoining this plaintiff from trespassing upon said land and from interfering with the rights of this defendant, Louisa W. Guthrie, to mine on said land during the term of said lease, except that "the Weaver Mining Company (this plaintiff) may have the right to enforce any forfeiture or any other right it may have to said land conforming herewith, accruing after this date." The court's finding and decree contained this clause: "The court further finds that by reason of the wrongful acts, threats and intimidation and conduct of the defendants (plaintiff here), the plaintiff (defendant here) has been prevented from enjoying her rights to mine said land, and from carrying out the contract under which she has the right to mine the same, and the court further finds that plaintiff is entitled to a reasonable time from this date, to-wit, five days, to fulfill the requirements of her

contract to mine and enjoy said land.'' From this decree this plaintiff took and perfected an appeal to the Supreme Court of this State, where such appeal was at the trial of this case and still is pending. This plaintiff's motion for new trial in that case, which preserves the matters for review in the Supreme Court, contains these alleged errors: ''Because under the law and the evidence in this case plaintiff has failed to comply with her leasehold contract and the court had no authority under the evidence to find that she had complied with the same in such manner as to entitle the plaintiff to a decree in this case. Because the court erred in its decree by allowing the plaintiff five days in which to commence work upon the ground described in said decree under her leasehold rights when the lease under which she is operating provides that work shall commence immediately. Because the court erred in holding that the lease of plaintiff was still in effect and that she had authority under the same to operate upon said ground.''

The proceedings in such other case, which are set up in bar of plaintiff's right to recover in this case, have been set out at some length because this plaintiff claims that such fromer suit was to enjoin a mere trespass, was between different parties, and does not involve or decree concerning the rights of these parties under the leases now in question.

This defendant does not plead such former suit as being *res judicata* of this controversy, as this case involves a subsequent forfeiture for a subsequent violation of the continuing covenants in the leases; nor does she plead such former and pending suit in bar of this one because of involving the same subject-matter. [Jacobs v. Lewis, 47 Mo. 344.] The defendant's contention is that this plaintiff cannot be allowed to insist, by prosecuting its appeal in that case, that this defendant lost all her rights to mine on this land and

that such will be the final judgment in that case and, at the same time, insist that defendant carry on the work of mining said land under the penalty of suffering a second forfeiture for not doing so. The defendant's argument in part is that the position of plaintiff in these two suits is inconsistent. In the former suit, by declaring on and insisting on a forfeiture prior thereto, the plantiff's position there is that the lease was then ended and no longer binding, the lessee being a mere trespasser, and that it cannot thereafter take the position that the lessee is bound to perform the conditions of such lease. Having treated the lease as forfeited, the landlord cannot insist on the lessee observing and fulfilling its conditions. In support of this contention defendant cites 2 Taylor's Landlord and Tenant, section 499, as follows: "And if he (landlord) brings an ejectment for the forfeiture, he can only recover rent due after the time of the demise laid in his declaration in the action for mesne profits; for by bringing such an action he treats the lessee and his subtenants as trespassers from that time, and the claim to accruing rents is wholly inconsistent with his proceedings at law to enforce a forfeiture." Also Conger et al. v. Duryee, 90 N. Y. 594, 599, as follows: "Where a landlord elects to proceed at law against a tenant to enforce a forfeiture of the lease for nonperformance of its conditions, or for a violation of a covenant, he cannot during the pendency of the suit at law against the tenant have relief in equity against him as upon a subsisting tenancy."

We think, however, that defendant's defense here is an equitable one and need not and should not be placed on such narrow and technical grounds. If this plaintiff is successful in prosecuting its appeal in the other case, the lease in question and these defendants' rights to mine on this land will be adjudged forfeited and lost by reason of the former forfeiture

and as of its date. In such event there is no need to plaintiff of a subsequent forfeiture or this suit to. enforce the same. But, suppose this defendant wins on such appeal in that case, as she did in the trial court, is she still to lose her rights to mine the land by reason of not performing the conditions of the lease pending the uncertainty of the result of that appeal? It is evident that this defendant must make large expenditures in prosecuting the work of mining on this land. The results of mining are proverbially uncertain at best and to this uncertainty can plaintiff add the further uncertainty of a lawsuit, having for its object the destruction of the fruits of defendant's labor and expenditures, and yet require the expenpenditures to be made?

In Consumers' Gas Trust Co. v. Ink (Ind.), 71 N. E. 477, the court stated the underlying principle on which this case rests in these words: "But equity looks with disfavor upon forfeitures, and will not open its door to one who has induced or assented to the condition of which he complains." In that case the plaintiff was insisting on the validity of a forfeiture and at the same time that the defendant lessee comply with the terms of a lease as to developing gas wells subsequent to such claimed forfeiture and, answering this contention, the court further said: "It is very clear that appellee was not entitled to a forfeiture before the agreed term of postponement had expired, and a demand of forfeiture at a time when she was not entitled to it was without legal significance. It could not operate as a notice to start the drill, for the claim of forfeiture was equivalent to a denial of appellant's right thereafter to enter the premises for that purpose. Its only effect was to create a state of uncertainty as to appellant's right to proceed under the contract. And appellee, having produced this un-

certainty by her own conduct, will be denied a forfeiture for the delay which she probably induced.''

In Consumers' Gas Trust Co. v. Worth, (Ind.) 71 N. E. 489, the same court, under a similar contention, said: ''As to whether appellant should have commenced operations between March 3, 1902, and the day on which this action was commenced, is, under the circumstances, not a question in the case, for certainly appellee, after notifying appellant company that the contract was at an end, was not in a position to insist or expect that appellant should expend money in drilling wells and developing the lands under a contract which she had declared to be forfeited.''

In Lafayette Gas Co. v. Kelsey (Ind.), 74 N. E. 7, the court held that where, under the terms of a lease for gas and oil prospecting, the lessor declared a forfeiture of the lease and forbade the lessee to proceed to prospect the land, the question whether twenty-one days elapsing subsequent to the payment of rent and the declared forfeiture and the beginning of suit to declare the lease void was a reasonable time within which to have made the necessary explorations for oil and gas was not one the lessor could raise, since, after notifying the lessee that the lease was forfeited, the lessor could not insist that the lessee expend money in drilling wells and developing the lands under a lease which he had declared to be forfeited

In Ross v. Sheldon, (Ky.) 119 S. W. 225, the lessor brought suit to cancel the lease on the double ground of fraud in its procurement and failure of the lessees to perform the work required thereby, and, in speaking of excuses for nonperformance, the court said: ''And we can readily understand why the institution of this action seriously interfered with and retarded the progress of the work that the lessees had commenced before the suit was brought. We do not think that the lessees should be held accountable for failing or

refusing to do anything under the contract after the lessor had brought his suit to have it canceled. The lessees, of course, did not know how this suit would terminate, or whether they would be successful in defeating it or not. So that, if they did any work, expended any money, or lost any time in carrying out the contract, they would do it at the risk of losing the time and money so invested, or with the prospect staring them in the face of having to bring a suit to recover the value of the money invested.''

The question of whether a landlord who has declared and is seeking to enforce a forfeiture so far destroys the relation of landlord and tenant as to prevent any recovery of rent, as for use and occupation of the premises, from the tenant who remains in possession after the declared forfeiture is not involved in this case and we do not so hold. There is nothing in the cases of Baxter v. Heimann, 134 Mo. App. 260, 113 S. W. 1152, or Nagel v. League, 70 Mo. App. 487, so holding. In the Baxter case, supra, it is rather implied that it is proper to contract for double rent for so holding over. [See also Underhill on Landlord and Tenant, secs. 791, 404.] Nor do we hold that if this defendant had continued to mine this land pending the appeal in the case mentioned that she could escape payment of the royalty due the landowner on the minerals so mined.

Our ruling in this case in no way contravenes the rule that where the landlord waives a forfeiture for one breach of a continuing covenant by acquiescing in the continued tenancy thereafter, as by collecting rent, such waiver, while precluding him from enforcing a forfeiture for the prior breach, does not prevent a forfeiture for a subsequent breach. [2 Taylor's Landlord and Tenant, secs. 500, 501.] Had this plaintiff acquiesced in the decree of the circuit court in the case of Guthrie v. Weaver Mining Company, involving the

forfeiture prior to such decree, instead of appealing therefrom, it could have enforced a forfeiture for a subsequent breach of the conditions of the leases and the principles stated in Rutland Marble Company v. Ripley, 77 U. S. 363, 19 L. Ed. 955, 960, would be applicable. The act of prosecuting an appeal from that decree is positive proof, however, that this plaintiff did not intend to waive the forfeiture there involved. [Ewing v. O'Malley, 108 Mo. App. 117, 82 S. W. 1087.]

The doctrine we apply in this case is much the same in principle as that applied by the trial court in the injunction suit of this defendant against this plaintiff, from which this plaintiff appealed, to-wit, that one person cannot take advantage of the failure of another to do some act required of him when the complaining party has materially hindered or obstructed him in so doing. He cannot profit by his own wrong or what may turn out to be his own wrong. It is a species of estoppel in that the complaining party has induced or compelled the other to do or refrain from doing what he otherwise would or could have done. The appealing of the former suit is merely the means employed by this plaintiff in obstructing and preventing defendant from complying with the terms of her lease. We do not say that every appeal in similar cases would have such obstructing effect as to prevent a forfeiture for a subsequent breach. We so hold under the facts of this case and affirm the judgment.

*Farrington, J.,* concurs. *Robertson, P. J.,* dissents.