SAMUEL L. BLAISDELL

*vs.*

JAMES M. MORSE and another.

Franklin. Opinion January 1, 1884.

*Deeds. Evidence.*

A deed is not invalid because the grantors are descriptively and not individually named in the beginning of the instrument, as "We, the heirs and devisees of Sarah Stearns."

Under such a deed it is necessary to prove that the grantors were such heirs and devisees. As against one who had no title and claimed none, the following was held to be proof enough of the fact: The deed was in proper form, regularly witnessed and acknowledged, and was admitted without objection; Sarah Stearns' agent, after her death, acted as an agent for some of the grantors in looking after the land; and no person other than the grantors had appeared to possess or claim the same.

ON EXCEPTIONS.

Trespass *q. c.* The facts are stated in the opinion.

*H. L. Whitcomb,* for the plaintiff.

*S. C. Belcher*, for the defendants.

PETERS, C. J. The plaintiff, or his predecessor, owned a lot of land adjoining the *locus*, occupying a portion of the *locus* under a license from an agent of Sarah Stearns, then its owner. The defendants, taking possession of the *locus*, are sued in trespass by the plaintiff for cutting down trees upon it. Claiming title under Sarah Stearns, the defendants, at the trial, presented a deed purporting to be from her heirs and devisees. The deed was objected to, because the names of the grantors are not inserted at the beginning of the deed. They are named descriptively, as "We, the heirs and devisees of Sarah Stearns," but not individually. The objection was correctly overruled.

The plaintiff requested an instruction, that, if the defendants claim to hold under Sarah Stearns, they must show by title deeds that she had title. That was not necessary. Title may be acquired in ways other than by deed. She had possession at least, and plaintiff himself was occupying under her right of possession.

The principal question of the trial, was, whether there was any or sufficient evidence that the grantors were really the heirs and devisees of Sarah Stearns, as declared in the deed. Slight evidence upon this point would be sufficient as against the plaintiff who himself had no title or pretence of any. A breath will move a straw. The deed was read without proof of execution and without objection. It recites that the signers are such heirs and devisees. It was acknowledged before a magistrate and witnessed by a witness, who presumably knew the parties or some of them. It is not likely that they would be participants in any fraud or forgery in concocting the deed. Fraud is not to be presumed. Such an instrument is entitled to some weight, under present circumstances, from the solemnity of its nature. The case discloses, that Sarah Stearns died, and that the person who was her agent in her lifetime afterwards acted as the agent of some of the grantors named in the deed, in looking after the land. All this is corroborated by the fact that no persons other than the grantors have ever appeared to claim title or possession

as the successors of Sarah Stearns. We think the defendants' title was sufficiently proved.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.