THE LANYON ZINC COMPANY V. H. M. BURTISS *et al.*

No. 14,363.    (83 Pac. 989.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Extension of Lease—Equitable Relief.* The mere bringing of a suit by a lessor against a lessee to have a lease declared void, unaccompanied by any restraining order or stay of judgment, even if the suit be decided in favor of the lessee in the district court and affirmed in the supreme court, does not prevent the lessee from exercising at all times all his rights under the lease, and is no ground for invoking the equity powers of a court to extend the lease, after its term has elapsed, for a period equal to the time the suit was pending or for any time whatever.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed December 9, 1905. Affirmed.

. *C. E. Benton*, and *Campbell & Goshorn*, for plaintiff in error.

*Ewing, Gard & Gard*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: In a suit by a lessee to enjoin a lessor from interfering with the possession of the leased premises and to extend the term of the lease for three years, eleven months, and twenty days (that being the time which it was alleged a suit brought by one of the lessors to have the lease declared void was pending before final decision), the petition alleged that the lessees were licensed to operate for oil, gas or minerals for ten years, the lease to be extended so long as oil or gas should be produced in paying quantities, and showed that the term of the lease—ten years—had elapsed and no well or wells had been drilled, and no oil or gas had been produced, but alleged as an excuse therefor that the suit brought to have the lease adjudged void was instituted nearly six years after the execution of the lease; was pending in the district court about two years, when it was decided in favor of the lessee, was then appealed to the supreme court, where it was pending nearly two years, and was affirmed. Such petition, failing to allege the omission of any act required by the contract to be done by the lessors, or that during the term they did anything whatever to interfere with the operations of the lessee, other than bringing the suit, and failing to allege that any restraining order or stay of judgment was procured, does not state facts sufficient to show that the lessee was prevented from performance on its part and is insufficient to invoke the equity powers of the court to extend the lease.

A general demurrer to such petition was properly sustained, and the order and judgment of the district court are affirmed.

All the Justices concurring.