## INDIANA NATURAL GAS & OIL COMPANY *v.* BEALES.

[No. 20,757.   Filed January 4, 1906.   Rehearing denied June 6, 1906.]

CONTRACTS.—*Leases.—Gas and Oil.—Right to Determine.*—A gas-and-oil lease granting the lessee twelve years within which to operate in exploring for oil, and an extension of such time upon making certain payments, operations to be commenced in one year, or certain payments to be made in lieu thereof, and the lessee's assignee made such payments as stipulated, the grantee of the lessor cannot, at the expiration of said twelve years, arbitrarily determine such lease without giving the lessee a reasonable time, after notice, within which to begin operations.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Suit by Idelia Beales against the Indiana Natural Gas & Oil Company. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10. *Reversed.*

*W. O. Johnson, Brownlee & Browne, Blacklidge, Shirley & Wolf* and *Lovett & Slaymaker,* for appellant.

*Joseph L. Custer* and *Orlo L. Cline,* for appellee.

JORDAN, J.—Appellee, on February 13, 1903, instituted this suit in the Grant Circuit Court to quiet title to certain real estate situated in Grant county, Indiana, and thereby annul and cancel a certain gas-and-oil lease in controversy and of record in the recorder's office of said county, which, as alleged in the complaint, was a cloud on appellee's title. Upon change of venue the cause was tried

in the Superior Court of Madison County. There was a finding in favor of appellee, and a decree was rendered quieting her title to the real estate involved and appointing a commissioner to enter a cancelation of the lease on the margin of the record in which said instrument was recorded. The motion for a new trial, stating the statutory grounds, was denied, and this ruling is assigned as error.

The evidence given upon the trial, as exhibited by the record, establishes beyond dispute the following facts: On March 29, 1888, John Roush was the owner in fee of the real estate in question, situated in Grant county, Indiana, and on said day he, together with his wife, executed to Leonard H. Best a certain gas-and-oil lease upon said land. Through several assignments appellant, on July 1, 1892, became the owner and holder of this lease. The instrument in question was recorded in the proper record in the office of the recorder of Grant county on April 11, 1888. On December 16, said Roush and his wife conveyed the leased premises to appellee, Idelia Beales, and she from that time has continued to be the owner thereof.

The lease stipulates and recites that the lessors, Roush and wife, leased to the lessee, Leonard H. Best, his administrators and assigns, the real estate therein described, being the same as that described in the complaint, "for and in consideration of the sum of $10.75, and for the further consideration hereinafter mentioned, and on account of the covenants hereinafter contained, for the purpose and with the exclusive right of drilling, mining and operating for petroleum, gas or any mineral substances on said land, and appropriating said products so obtained to his own use and benefit, except as hereinafter provided, and removing the same for the term of twelve years, and so long thereafter as petroleum, gas or mineral substances can be procured in paying quantities, or the payments hereinafter provided for are made according to the terms and conditions attaching thereto." The instrument then provides that the lessee

shall have sufficient water and wood on the premises for drilling and mining operations, and the right to erect upon and remove from said premises all necessary building machinery, tanks, pipe-lines and other property necessary for the prosecution of said business, with the right of way for the pipe-lines and for operations. It is further provided that the first party (the lessor) shall have one-eighth part of all petroleum or mineral substances obtained. That if gas alone is found in sufficient quantities to make it profitable to pipe the same to other localities the grantor, or lessor, shall receive $100 per annum for each gas-well and sufficient gas to heat and light his dwelling on said premises; said payment to be accepted by the party of the first part (the lessor) as a full consideration and in lieu of any other royalties. No part of the premises leased was to be used for the purpose of mining for minerals, petroleum or gas, except by the lessee. The lease contains the following provision:

"The party of the second part agrees to commence operations for said drilling or mining purposes within one year from the execution of this lease, or in lieu thereof, for delay in commencing such operations, and as a consideration for the agreements contained herein, thereafter pay to said party of the first part [lessor] $21.50 per annum, payable in advance on March 29 in each year, until such operations are commenced and a well completed. A deposit to the credit of the party of the first part [lessor] in the Marion Bank of Marion, Indiana, shall be considered a payment under the terms of this lease. Should said party of the second part fail to make such payments or either of them, within thirty days from the time the same is due, then this lease shall be null and void, and of no effect."

The appellant company did not take possession of the leased premises, and no gas or oil well was drilled thereon by it or by any other person under said lease. Appellee, it appears, authorized her husband to act as agent in col-

lecting the rentals under the lease. It is shown that all payments required by said lease to be paid in lieu of the drilling of wells had been paid to the owners of said real estate, that is, to the appellee and her grantors, and by them accepted at all times during the entire term of twelve years, until March, 1900. No money deposited had been received by appellee since that time. The rentals had always been paid by a deposit at the Marion bank in the city of Marion, Indiana, as provided in the contract. On April 5, 1900, the following notice was mailed by the husband and agent of appellee to appellant:

"Jonesboro, Indiana, April 5, 1900.
Indiana Natural Gas & Oil Co.,
Chicago, Illinois.
I herewith notify you that your lease expires March 25, 1900, on the land now owned by Idelia Beales in sections ten and fifteen, township twenty-three north, range eight east, Grant county, Indiana. I kindly ask you to release said lease from the records of Grant county.                    Respectfully,
Idelia Beales."

Receipts for the years 1896, 1897, 1898 and 1899 from appellee to appellant for sums due in lieu of drilling under said lease are shown by the evidence. It was agreed by the parties and made a part of the evidence at the trial that on March 16, 1900, appellant deposited to the credit of the appellee the sum of $21.50 in the Marion bank at Marion, Indiana. That on March 1, 1901, a like sum was deposited in the same bank for the same purpose; on February 25, 1902, a like deposit for the same purpose was made in the same bank; and on March 13, 1903, a like deposit in the same bank and for the same purposes was made, and it appears that certificates of deposit were made to appellee for each of said sums by said Marion bank. No notice whatever was ever given to the Marion Bank of Marion by appellee that it should receive no more money on deposit on account of said lease, or that said bank should no longer

act as agent of appellee for that purpose, and no notice of the revocation of the agency of said bank by appellee was at any time given to appellant.

It will be noted that under the terms of the lease or contract in dispute the real estate involved was leased to the lessee, through whom appellant company claims by assignment for the purpose of drilling, mining and operating for petroleum, gas, etc., for the term of twelve years, and so long after the expiration of such term as petroleum, gas or mineral substances could be procured in paying quantities, "or the payments thereinafter provided for are made according to the terms and conditions attaching thereto." The lease or contract in question stipulated that the lessee should commence operations for such drilling or mining within one year from its execution, "or in lieu thereof, for delay in commencing such operations * * * pay to said party of the first part [lessor] $21.50 per annum, payable in advance on March 29 in each year, until such operations are commenced and a well completed."

It was provided and agreed by the parties to the contract that a deposit of the money in the bank designated to the credit of the lessor should be considered as a payment under the terms of the lease. It appears that no operations under the lease were commenced, but for delay therein appellant paid, as provided, each year in advance $21.50, which money appellee actually received for the years 1896 to 1899 inclusive. On March 16, 1900, without any objection or notice from her that she would not receive the same, or that appellant should proceed to explore the premises under the contract, appellant deposited the stipulated amount in the bank designated as a payment in advance for the delay during the year ending March 28, 1901. After this latter deposit, instead of notifying appellant that further payments would not be accepted, or that it must commence operations on the premises under the contract on April 5, 1900, appellee notified appellant that its lease had

expired, and requested that it cancel the same. Appellant did not comply with this notice, but thereafter continued to deposit the stipulated payment for the delay until March, 1903. On February 13, 1903, without giving appellant any notice other than that given on April 5, 1900, appellee commenced this suit.

This appeal, under the contract involved and the facts established, falls within and must be controlled by the rule affirmed and enforced in the decisions of this court, in the appeals of the *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind. 320; *Consumers Gas Trust Co.* v. *Howard* (1904), 163 Ind. 170; *Consumers Gas Trust Co.* v. *Ink* (1904), 163 Ind. 174; *Consumers Gas Trust Co.* v. *Worth* (1904), 163 Ind. 141, and cases there cited; *LaFayette Gas Co.* v. *Kelsay* (1905), 164 Ind. 563, and authorities there cited; and *New American Oil, etc., Co.* v. *Troyer* (1906), *ante*, 402. It would subserve no useful purpose for us to add anything further to that which has been said in these cases, as we are satisfied that the principles therein asserted are correct and should be adhered to under the facts in the case at bar and the latter must be ruled thereby. It follows, therefore, that appellee was not entitled to quiet her title as against the lease or contract in question, and that the trial court erred in denying appellant's motion for a new trial.

Judgment reversed, and cause remanded.