**TEXAS PAC. COAL & OIL CO. v. PATTON et al. (No. 293–3556.) \***

(Commission of Appeals of Texas, Section A. March 8, 1922.)

**1. Mines and minerals ⬀78(1)—Lease held to grant lessee an option to develop land at any time within term of lease.**

Oil and gas lease for five-year term providing for annual payment by lessee and giving lessee authority to enter on and develop the land for mineral resources, without in terms requiring lessee to do anything for the development thereof, *held* to grant lessee an option to enter on the land and drill for oil and gas at any time within the five-year period.

**2. Appeal and error ⬀781(4)—Writ of error in action involving validity of lease not dismissed on ground that lease has expired where substantial rights are dependent upon determination.**

In lessors' action to cancel oil lease, writ of error by lessee will not be dismissed on the ground that the lease has expired by its own terms, and that the validity thereof has become an abstract question, where lessee claims substantial rights and equities the right to which depend in part upon whether the decision of the Court of Civil Appeals and its judgment canceling the lease shall stand.

**3. Deeds ⬀31—Name of grantor need not appear on face of deed.**

One who signs a deed as a grantor should appear on the face of the deed as a party thereto, but it is not necessary that he should so appear by name.

**4. Mines and minerals ⬀58—Lease held valid as to lessors who signed, but were not expressly named in body of deed.**

An oil lease giving the names of lessors as "P. et al." *held* valid as to P.'s adult children and their spouses who signed as lessors, even though they were not expressly named in the body of the instrument.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Mrs. Mattie C. Patton, J. H. Patton and wife, and Mrs. Fay Patton Cox and husband against the Texas Pacific Coal & Oil Company. Judgment for defendant was affirmed as to Mattie C. Patton, but reversed as to and rendered for J. H. Patton and wife and Mrs. Fay Patton Cox and husband, by the Court of Civil Appeals (225 S. W. 857), and the defendant brings error. Judgment of Court of Civil Appeals affirmed as between the defendant and Mrs. Mattie C. Patton, and reversed and the judgment of the district court affirmed as between defendant and plaintiffs J. H. Patton and wife and Fay Patton Cox and husband.

W. J. Oxford, of Stephenville, and John Hancock, of Fort Worth, for plaintiff in error.

Snodgrass & Dibrell, of Coleman, for defendants in error.

GALLAGHER, J. Mrs. Mattie C. Patton, a widow, and her children, J. H. Patton, joined by his wife, and Mrs. Fay Patton Cox, joined by her husband, filed suit in the district court of Stephens county against Texas Pacific Coal & Oil Company, a corporation, in trespass to try title to recover title and possession of certain lands and to cancel an oil and gas lease thereon. There was a trial before the court without a jury, and judgment rendered that plaintiffs take nothing by their suit, and declaring that the plaintiffs were the grantors in said lease; that the same was valid and binding, and reforming the same so as to make plaintiffs appear by name as grantors therein. The plaintiffs appealed, and the Court of Civil Appeals affirmed the judgment of the trial court against Mrs. Mattie C. Patton, but reversed said judgment against J. H. Patton and Mrs. Fay Patton Cox and their respective spouses, and rendered judgment in their favor. 225 S. W. 857. The Coal & Oil Company applied for a writ of error, which was granted by the Supreme Court.

Defendants in error have filed a motion in this court to dismiss this writ of error on the ground that the lease in litigation in this case has by its own terms expired, and that therefore the subject-matter of the suit has ceased to exist, and the validity of the lease has become an abstract question of law.

The lease was executed July 26, 1916, and was to continue for five years from its date. The consideration was $621.50 cash and a like sum annually in advance beginning 12 months from its date. It granted lessee full and exclusive authority to enter upon the premises with all machinery and materials necessary in the operation thereof, and to remove the same therefrom at pleasure. It did not in terms require the lessee to drill wells, or to do anything toward the development of the mineral resources of the land, but it did provide for the payment of royalties in event of production of oil or gas, and further provided that, in event oil or gas was discovered on the premises, it should continue in full force and effect so long as either should be produced in paying quantities. The lessee paid the rental in advance by depositing the same at the bank specified in the lease for the years beginning July 26, 1917, 1918, and 1919, respectively. The lessors accepted the money each year until 1919. They refused to accept the money deposited for said year and let it remain in the bank. This deposit was made April 10, 1919. On April 11, 1919, the lessors instituted this

---

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Rehearing denied 240 S. W. 303.

suit against the lessees, claiming that the lease was null and void for various reasons, and that it constituted a cloud upon the title to their lands, and prayed that it be canceled by decree of the court.

Defendants in error have submitted with their motion to dismiss an affidavit showing that neither the lessee nor any one in its behalf has ever entered upon said lands since the date of said lease for any purpose, that no one has drilled for either oil or gas thereon, and that neither oil nor gas has been produced therefrom.

Plaintiff in error resists the motion to dismiss and contends that, when defendants in error refused to accept the annual rental and filed this suit to cancel and avoid the lease, such action constituted a breach thereof and a denial of its existence, and that therefore they were in no position to insist that the fixed term provided by the lease was running in their favor and against the lessee while they denied the right of such lessee to exercise the rights and enjoy the privileges granted by the lease, and that the determination of the rights and equities of the parties would involve a hearing on the facts and the exercise of original jurisdiction, which the Supreme Court does not possess.

[1] We construe the lease to grant to lessee an option at any time within five years from its date to enter upon the lands demised and drill for oil and gas. It has been held that in options time is of the essence of the contract, but it has also been held that, when the party granting an option himself prevents its exercise during the time limited therefor, he must give a reasonable time for its exercise after any obstruction which he has interposed has been removed. 13 C. J. pp. 688–690. It has been held that this principle is applicable in case of an option to prospect for, discover, and produce oil and gas. McCallister v. Texas Co. (Tex. Civ. App.) 223 S. W. 859, 862, par. 4; Consumers' Gas Trust Co. v. Worth, 163 Ind. 141, 71 N. E. 489, 492. Plaintiff in error cites the foregoing cases in support of its contention and in addition thereto the following: Weaver Mining Co. v. Guthrie, 189 Mo. App. 108, 175 S. W. 118; La Fayette v. Kelsay, 164 Ind. 563, 74 N. E. 7; Ross v. Shelton (Ky.) 119 S. W. 225; Jennings v. So. Carbon Co., 81 W. Va. 347, 94 S. E. 365; Eastern Oil Co. v. Coulehan, 65 W. Va. 531, 64 S. E. 836; Leonard v. Busch-Everett Co., 139 La. 1099, 72 South. 749; Keen v. Logan, 147 La. 80, 84 South. 501; Standard Oil Co. v. Webb (La.) 88 South. 808; Blodgett v. Lanyon Co., 120 Fed. 893, 58 C. C. A. 79; Gulf Refining Co. v. Hayne, 148 La. 340, 86 South. 891; Stahl v. Van Vleck, 53 Ohio St. 136, 41 N. E. 35.

The Court of Civil Appeals rendered judgment against plaintiff in error in favor of J. H. Patton and Mrs. Fay Patton Cox and their spouses canceling the lease as to them.

[2] If the writ of error is dismissed, such judgment will be left in full force and effect and binding on plaintiff in error as a final adjudication of its rights in the premises and will be a complete bar to any action which plaintiff in error may institute to test the merits of its claim to an equitable extension of time. Plaintiff in error is claiming substantial rights and equities. They can be fully presented and adjudicated only in a court of original jurisdiction. They depend in part upon whether or not the decision of the Court of Civil Appeals and its judgment canceling this lease shall stand. It has been held in such cases that the controversy is not ended, and that the court should proceed to hear the appeal. Less, Guardian, v. Ghio, 92 Tex. 651, 653, 51 S. W. 502; Wichita Electric Co. v. Hinckley (Tex. Civ. App.) 131 S. W. 1192; Kaufman v. Mastin, 66 W. Va. 99, 66 S. E. 92, 25 L. R. A. (N. S.) 855; Whipple v. Lee, 58 Wash. 253, 108 Pac. 601; Click v. Sample, 73 Ark. 194, 83 S. W. 932; Houston & B. V. Ry. Co. v. Hughes (Tex. Civ. App.) 182 S. W. 23, 29.

This case is distinguishable from the case of McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720. That was a proceeding by mandamus to compel the mayor and board of aldermen to reinstate McWhorter in the office of city marshal, from which he had been removed by the respondents. The trial court sustained a general demurrer to the petition, and McWhorter appealed. Before the appeal was reached for hearing in the Court of Civil Appeals the term of office expired. The Court of Civil Appeals for the Fourth District held that, inasmuch as the term had expired, if it held that appellant, McWhorter, was at the date of the trial entitled to the mandamus prayed for, the judgment of the court could not be lawfully executed, and, according to the published report of the case, dismissed the appeal. 24 Tex. Civ. App. 22, 57 S. W. 904.

The Supreme Court in passing upon an application for writ of error in that case, said that the statement in the opinion that the appeal was dismissed was doubtless inadvertently made, and that the Court of Civil Appeals in fact dismissed the whole case. The Supreme Court refused a writ of error.

The case of Riggins v. Richards was also a proceeding by mandamus to require the city council to restore Riggins to the office of mayor, from which he had been removed by such council. The trial court denied him the relief sought, and the Court of Civil Appeals affirmed its judgment. 79 S. W. 84. While the application for writ of error was pending the term of office expired, and the defendants in error moved to dismiss the case. The Supreme Court granted the motion without prejudice to the rights of plaintiff in error to sue for his salary. Riggins v. Richards, 97 Tex. 526, 80 S. W. 524.

The only issue involved in either of these cases was the right of the plaintiff to be reinstated in an office from which he claimed to have been wrongfully ousted. In each case the office was an essential part of the municipal government, and the public were interested in the discharge of its duties. The term of office was fixed and determined by law and could not be equitably extended in the interest of individual claimants. When the term expired, the court was powerless to reinstate the complainant, and no other relief was sought.

In this case the validity of the lease is the only issue involved. We think this court has jurisdiction to determine that question, and that the motion to dismiss the writ of error should be overruled.

The Court of Civil Appeals held that there was nothing in the lease under consideration by which the identity of the grantors other than Mrs. M. C. Patton could be established, and that it was therefore invalid as to the grantors not named therein, and this holding is assigned as error.

The language of this lease, so far as the same is essential to the determination of this issue is as follows:

"This lease made and entered into this the 26th day of July, A. D. 1917, between Mrs. M. C. Patton et al., of Lusk and state of Texas, first parties, and the Texas & Pacific Coal Company, second parties, witnesseth: The first parties, in consideration of $621.50 to them paid, the receipt of which is hereby acknowledged, and the covenants hereinafter contained on the part of second party, do by these presents let and lease to second party for a period of five years from the date hereof, the following described premises: [here follows remainder of said lease.]

"In witness whereof the parties of the first and second parts have hereunto set their hands and seals the day and year first above written."

This lease was signed and acknowledged by Mrs. Mattie C. Patton, her said children, and their respective spouses.

J. H. Cox, one of the defendants in error, testified that all the signers were present at the time the lease was executed; that they intended in good faith to make a lease; and that he expected they would include all the names of the parties when it was written, and if this was not done it was a mistake on the part of the party who wrote the instrument.

J. A. Ault, county clerk of Stephens county, testified that the terms and conditions were agreed on in his presence; that he wrote the lease and took the acknowledgment of the signers thereto; that he did not include all the names of the parties in the body of the instrument because he was crowded for space, and thought that "Mrs. M. C. Patton et al." was all that was necessary.

In case of Stone v. Sledge, 87 Tex. 49, 26 S. W. 1068, 47 Am. St. Rep. 65, our Supreme Court considered a deed which conveyed the property belonging to a married woman. It was an ordinary warranty deed in which the name of the husband alone appeared as grantor. Nearly three months after it was executed by the husband it was signed and acknowledged by the wife. The court said in the opinion in that case that the intention of the parties to a written contract must be derived from the language of the contract itself, and, when there was nothing in the deed to show an understanding on the part of one of the signers to convey, they could not see very clearly that his signature manifested a purpose to make a conveyance. The court held in that case that under the great weight of authority a deed was wholly inoperative as to a person who signed the same, but who did not appear on the face thereof to be a party thereto.

In the case of Le Blanc v. Jackson (Tex. Com. App., Sec. B) 210 S. W. 687, the court considered a deed in which the name of a person who was dead at the time it was executed appeared as grantor, and which was signed and acknowledged by various parties shown by the evidence to be her heirs. There was nothing in the deed to identify such parties or to identify them as heirs of the grantor, named as such in the conveyance, but then deceased. Their relationship and their intention to convey as heirs did not appear from the instrument. The court held under the authority of Stone v. Sledge, supra, that the deed did not pass their interest in the lands.

Both the cases just discussed cite as authority for the conclusions so reached the case of Agricultural Bank v. Rice, 4 How. 225, 11 L. Ed. 949. In that case the court considered an instrument purporting to convey certain real estate belonging to the wives of the parties named in the instrument as grantors. Such grantors stated in the instrument that they acted therein in the right of their wives. The wives, as well as the husbands, signed and acknowledged the instrument. The court, in passing upon the validity of the instrument, said that the wives were not described as grantors, and no words conveying their interest were used; that the instrument was altogether the act of the husbands. In all these cases the deeds or instruments under consideration purported to name the grantors, and the grantors so named and they only purported to convey. There was nothing in any of such instruments to indicate that others not named therein were parties thereto and joined in the respective grants. The language used excluded any such contention. Dinkins v. Latham, 154 Ala. 90, 45 South. 60, 63.

[3] While it is necessary, under the au-

thorities cited, that a person signing a deed should appear on the face thereof as a party thereto and a grantor therein, before such deed will be effective to convey his interest in the property described therein, we do not think it is necessary that he should appear by name. In the case of Creosoted Wood Block Paving Co. v. McKay, 211 S. W. 822, 824, the Court of Civil Appeals for the Fifth District considered a mechanic's lien contract in which the grantors were designated as, "We, A. C. McKay and wife, owners of the following described property." The granting clause of the instrument was:

"We, the undersigned, do hereby expressly confess, admit, give, and grant * * * the mechanic's builder's, contractor's and materialman's lien on said premises."

The testimonium clause was, "Witness our hands, etc." It was signed by both husband and wife and duly acknowledged. It was contended that the instrument was void because the name of Mrs. McKay did not appear as a grantor on the face thereof. The court held it valid. We quote from the opinion in that case as follows:

"While the premises of the deed must disclose certainly who the grantors are, it does not, in our opinion, require in every event the name of the grantor to appear therein. None of the cases cited will support such construction. The rule, as we have shown, is that one who does not appear on the face of a deed to be a party thereto or whose name is not recited therein is not bound thereby. 'The requirement of the rule is met if, from the deed in its entirety, enough is shown from which, by the aid of extrinsic evidence, the names of the grantors can be made certain. Sloss-Sheffield Steel & Iron Co. v. Lollar, 170 Ala. 239, 54 South. 272. The quotation is from the Alabama Supreme Court, which enforces the rule invoked in the case at bar, and asserts, in our opinion, a sound, just, and reasonable application of the rule." ·

In the case of Blaisdell v. Morse, 75 Me. 542, the Supreme Court of that state sustained a deed in which the grantors were not named, but were described as, "We, the heirs and devisees of Sarah Stearns." The court, however, required some evidence that the signers were such heirs and devisees.

In the case of Sloss-Sheffield Steel & Iron Co. v. Lollar, 170 Ala. 239, 54 South. 272, the court sustained a deed where the grantors were designated as "Kessiah E. Adcock and her heirs," and held that, inasmuch as Mrs. Adcock was living, the language used could only mean that the other grantors were her children.

In the case of Frederick v. Wilcox, 119 Ala. 355, 24 South. 582, 72 Am. St. Rep. 925, the court sustained a mortgage in which only plural pronouns were used instead of names, and the grantors were described and designated as "the undersigned."

In the case of Vasquez v. Texas Loan Agency, 45 S. W. 942, the Court of Civil Appeals for the Second District sustained a power of attorney and conveyance of land in which the only designation of the grantor was the pronoun I. Substantially the same rule is announced and applied in the following cases: Bowles v. Lowery, 181 Ala. 603, 610, 62 South. 107; Sheldon v. Carter, 90 Ala. 380, 8 South. 63; Withers v. Pugh, 91 Ky. 522, 16 S. W. 277; Ins. Co. of Tenn. v. Waller, 116 Tenn. 1, 95 S. W. 811, 813, 115 Am. St. Rep. 763, 7 Ann. Cas. 1018; Madden v. Floyd, 69 Ala. 221.

We think the correct rule on the issue under consideration is that announced by the Supreme Court of Alabama, and approved and adopted in Creosoted Wood Block Paving Co. v. McKay, supra.

[4] The lease in this case recited in substance that Mrs. M. C. Patton and others were first parties, and that such first parties received the consideration, let and leased the premises, and set their hands to said lease. Defendants in error all signed it. The grantee named in the instrument as second party is shown to be a corporation, and it did not sign the lease at all. The parties were all present and participated in making the agreement. The lease was then and there prepared and executed and was intended by the signers to be a valid grant.

We think the Court of Civil Appeals erred in holding the lease invalid as to the signers other than Mrs. Patton.

The other specifications of error in the application are rendered immaterial by our holding on the validity of the lease.

We recommend that the motion to dismiss this writ of error be overruled, and that the judgment of the Court of Civil Appeals affirming the judgment of the trial court as' between plaintiff in error and Mrs. Mattie C. Patton be affirmed, and that the judgment of the Court of Civil Appeals be reversed as between plaintiff in error and J. H. Patton and wife, Celia Patton, and Fay Patton Cox and husband, A. H. Cox, and that as between them the judgment of the district court be affirmed.

We also recommend that judgment be rendered in favor of plaintiff in error against defendants in error for all costs incurred in this appeal.

CURETON, C. J. Judgment of Court of Civil Appeals affirmed as between plaintiff in error and Mrs. Mattie C. Patton, and judgment of the Court of Civil Appeals as between plaintiff in error and J. H. Patton and wife and Fay Patton Cox and husband is reversed, and as between them the judgment of the district court is affirmed. Judgment for plaintiff in error for all costs of appeal and of writ of error.