**HODGES et al. v. MILLER et ux.** (No. 9712.)*

(Court of Civil Appeals of Texas. Fort Worth. July 1, 1922. Appellee's Motion for Rehearing Denied. Oct. 21, 1922.)

**1. Mines and minerals** ☞75—**Lessee held entitled to extension for drilling to offset time lost by wrongful acts of lessor.**

If lessor by suit or otherwise wrongfully repudiates a lease, and his act in so doing affords lessee reasonable grounds for failure to begin drilling during the fixed term provided for, and if by reason thereof lessee refrains from so doing, then, on the doctrine of estoppel against lessor, lessee is entitled to a reasonable time after expiration of the lease within which to exercise his right under the lien to develop the land for oil.

**2. Mines and minerals** ☞58—**Failure of lease to describe leased lands as being in a certain county not fatal.**

Failure of an oil and gas lease to describe the land as in a certain county *held* not sufficient to invalidate it, particularly as lessors intended to describe the land as in such county, and the state abstract books identified the land described as being therein.

**3. Mines and minerals** ☞74—**Lease by mistake for four instead of three years runs for four years in the hands of innocent purchaser.**

An oil and gas lease, conveying a legal title and not just an option, which through mutual

mistake continued according to its terms for four years instead of three, as was intended, conveys a good title for the four years in the hands of an innocent purchaser.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

On second motion for rehearing. Motion granted, former judgment of the Court of Civil Appeals set aside, and judgment of the trial court. Reversed, with directions. For former opinion, see 238 S. W. 722.

Gross & Zivley, of Mineral Wells, and H. S. Garrett, John Hancock, and R. E. Hardwicke, all of Fort Worth, for appellants.

Chandler & Pannill, of Stephensville, and P. O. Sanders, of Strawn, for appellees.

DUNKLIN, J. Since the overruling of the original motions for rehearing (238 S. W. 722), on February 25th of the current year, our Supreme Court, in the case of Texas Pacific Coal & Oil Co. v. Patton (Tex. Com. App.) 238 S. W. 202, has, in effect, held that when one who grants an option to another for a fixed period of time himself wrongfully prevents an exercise of the option during that period he must give a reasonable time for its exercise after any obstruction which he has interposed has been removed. In Elkhart Carworks Co. v. Ellis, 113 Ind. 215, 15 N. E. 249, the following was said:

"If the grantor of an estate upon condition wrongfully prevents the performance of the condition he cannot regain the estate. This principle runs through all the law and is a principle of natural justice. 1 Sheppard, Touchstone (6th Ed.), 154. It would be a flagrant violation of right to permit the grantor of an estate upon a condition subsequent to defeat the action by wrongfully preventing the performance of the condition, and the law is not subject to the reproach of permitting such a thing to be done."

In the case of Consumers' Gas Trust Co. v. Worth, 163 Ind. 141, 71 N. E. 489, which was a suit to cancel a lease for failure of the lessee to do development work on the property, the court said:

"As to whether appellant should have commenced operations between March 3, 1902, and the day on which this action was commenced, is, under the circumstances, not a question in the case, for certainly appellee, after notifying appellant company that the contract was at an end, was not in a position to insist or expect appellant to expend money in drilling wells and developing lands under a contract which she had declared to be forfeited."

To the same effect are the following decisions: McCallister v. Tex. Co. (Tex. Civ. App.) 223 S. W. 859, by this court, writ of error denied; Indiana Natural Gas & Oil Co. v. Beales, 166 Ind. 684, 76 N. E. 520; Ross v. Sheldon (Ky.) 119 S. W. 225; Continental

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted December 13, 1922.

Fuel Co. v. Haden (Ky.) 206 S. W. 8; Leonard v. Busch-Everett Co., 139 La. 1099, 72 South. 749; Keen v. Logan, 147 La. 80, 84 South. 501; Weaver Mining Co. v. Guthrie, 189 Mo. App. 108, 175 S. W. 118; Eastern Oil Co. v. Coulehan, 65 W. Va. 531, 64 S. E. 836; Standard Oil Co. v. Webb, 149 La. 245, 88 South. 808; Stahl v. Van Vleck, 53 Ohio St. 136, 41 N. E. 35.

In McCallister v. Texas Co., and many of the other decisions noted, the specific question whether or not a lease should be extended beyond the term fixed by the instrument by reason of a delay in drilling operations caused by the repudiation of the lease by the lessor was not involved; the only question determined being whether or not the lease was forfeited during the contract period by reason of the failure of the lessee to perform some act, the performance of which was wrongfully prevented by the lessor. But the last two decisions cited above, Standard Oil Co. v. Webb, and Stahl v. Van Vleck, sustain appellants' contention on the issue now under discussion. In other words, according to those decisions, as well as that of our Supreme Court, the equitable doctrine of estoppel held applicable against the lessor in the other cases also precludes him from denying to the lessee the right of an extension of the lease term beyond the contract period, under the circumstances just stated.

On original hearing of the present suit no authority was cited holding that where delay in drilling operations during the lease term was induced by an unsuccessful suit on the part of the lessor to cancel the lease during that term, the lessee should be granted additional time after the termination of the lease term within which to do the development work. As noted in our original opinion, the only decision which was cited was that by the Supreme Court of Kansas in Lanyon Zinc Co. v. Burtiss, 72 Kan. 441, 83 Pac. 989, which denied the lessee that right.

[1] But we deem it now settled by our Supreme Court in the case of Texas Pacific Coal & Oil Co. v. Patton, 238 S. W. 202, that if the lessor, by suit or otherwise, wrongfully repudiates the lease, and if his act in so doing affords the lessee reasonable grounds for failure to begin drilling operations during the fixed term provided for in the lease, and if by reason of that fact the lessee refrains from so doing, then, on the doctrine of estoppel against the lessor, the lessee should be granted a reasonable time after the expiration of the lease term within which to exercise the right of development of the land for oil given him by the terms of the lease. As noted in the opinion on original hearing, the trial judge found that the written notice served upon the defendants by the lessors about the end of the three-year period, that the lease was terminated, caused the defendants to refrain from drilling operations which they would have performed but for such notice. That finding by the trial judge was supported by proof, and is binding upon this court. And shortly after serving such notice this suit was instituted to cancel the lease.

[2] While the description of the land contained in the lease does not describe the land as being situated in Palo Pinto county, we do not believe that the instrument was invalid by reason of that fact, especially in view of the finding by the trial judge that it was the intention of the lessors to describe the land in controversy as being located in Palo Pinto county, and in view of the fact that the state abstract books, showing abstracts of Texas land titles, identify the land described in the lease as being in Palo Pinto county. Fulton v. Robinson, 55 Tex. 401; Wilson v. Smith, 50 Tex. 365; Morrison v. Dailey (Tex. Sup.) 6 S. W. 426; Slaughter v. City of Dallas, 101 Tex. 315, 107 S. W. 48. Accordingly, we overrule the conclusion reached by the trial court that for lack of certainty in the description of the land the defendants acquired only an equitable right to a reformation of the instrument, and did not acquire any interest in the land.

[3] The lease in controversy was not a mere option, but it conveyed a legal title to an interest in the land. It is practically in the same terms as the instrument construed in the case of Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989, and which our Supreme Court held to have that effect. The trial court held that the lease in the present suit conveyed an option only to acquire title to an interest in the land under and by virtue of the decision of the Supreme Court in the case of Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979, but the distinction between the lease construed in that case and the one in the Daugherty Case was pointed out and discussed in the latter case. In the present suit the original lessee having acquired a legal title, the same was acquired by the assignees also, who, according to the trial court's findings, paid a valuable consideration therefor without notice of the mutual mistake of the original parties to the instrument in drafting it. The lease as written was for a period of four years. And since the same conveyed an interest in land, and not a mere option, and the defendants, who acquired such title without notice of the mutual mistake between the original parties in drafting it for a period of four years instead of for a period of three years, held title for a period of four years under their plea of innocent purchaser, contrary to the conclusion reached by the trial judge.

Accordingly, appellants' second motion for rehearing is granted, the former judgment of this court is set aside, the judgment of the trial court canceling the lease is reversed, and judgment is here rendered, denying

the appellees the alleged right of cancellation; but the cause will be remanded for a determination of the issue, if properly presented, as to what would be a reasonable time for an extension of the lease after the final termination of this litigation, within which the appellants shall have the option to begin drilling operations, and with instructions to the trial court to grant an extension of the lease for the period of time to be so determined.