SILVERMAN v. EMERSON et al. (No. 23.)

(Court of Civil Appeals of Texas. Waco. Jan. 3, 1924.)

1. Mines and minerals ⬥101—Stockholder's oil and gas lease to company held supported by consideration.

Where a stockholder and director in a joint-stock company gave a lease of his land, as did other stockholders, for the purpose of developing land in his neighborhood for oil and gas production, and the company dug some wells and negotiated for further digging, the recital of $1 consideration in plaintiff's lease *held* sufficient consideration, though neither paid nor demanded.

2. Mines and minerals ⬥75—Trial court held authorized to extend time of oil lease in suit to cancel.

The trial court, in suit to cancel oil and gas lease, having found on sufficient evidence and pleadings that lessees were entitled to an extension of their lease, was authorized to enter judgment giving an extension equal to the time which elapsed between commencement of the suit and date of judgment.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Suit by S. A. Silverman against D. R. Emerson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. E. Rogers, of El Paso, and Etheridge, McCormick & Bromberg, of Dallas, for appellant.

Spivey, Bartlett & Carter, of Marlin, for appellees.

BARCUS, J. Appellant filed suit against appellees to cancel an oil and gas lease which he executed to appellees Emerson, Jones, and Tomlinson. Appellant alleged in his petition several different grounds for the cancellation of said lease contract, but he has abandoned all of them on this appeal except he claims that the contract was without consideration. The cause was tried before a jury and submitted on special issues, and based on the answers of the jury and the findings of the court, judgment was rendered refusing to cancel the lease contract and extending the time for the completion of the contract on the part of appellees for nine months and two days after the final determination of this case on appeal; said extension being the time that had elapsed between the filing of plaintiff's original petition and the date of the judgment in the trial court.

Appellant presents only two assignments of error: First, that the court should have given his request for a peremptory instruction because there was no consideration for the contract; and, second, that the court was in error in giving appellees the extension of time on the contract.

[1] Appellant and the named appellees, with a number of other parties, constituted the board of directors of the Deer Creek Oil Company, a joint-stock company, organized in 1916; same having been organized for the purpose of prospecting for oil and gas. Each of the stockholders put in certain portions of land and from time to time contributed of their money. The leases were renewed from time to time, and on April 16, 1920, ap-

---

pellant renewed the lease on his property for three years, making same to the named appellees herein as trustees for convenience in handling of same. At said time appellant was a stockholder, as well as a director of the Deer Creek Oil Company, and made the lease in conformity with the resolutions passed by the board of directors as to the best method of handling same. The lease contract recites that it was given "in consideration of one dollar cash in hand paid, receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of lessees to be paid, kept and performed," and is for a period of three years, and is on what is commonly known as the 88-form lease. It was admitted that the $1 named in the contract was never paid, and appellant never made any request for same and as a director in the company never asked the directors to have said dollar paid either to him or to the other parties who leased their property under the same conditions. The lease contract was given by appellant in connection with leases given by other stockholders and directors in the company for the purpose of developing the land in his neighborhood to ascertain whether there was oil or gas to be found. The company dug two wells out of its own funds and used part of its acreage in having one or more other wells dug, and were negotiating with other parties for the sinking of additional wells either on their land or on land contiguous to theirs, when appellant filed this suit.

The consideration named in the lease was sufficient to make a binding contract, whether the $1 named was paid or not. If same was not paid, appellant would have a claim against the company for same. Masterson v. Amarillo Oil Co. (Tex. Civ. App.) 253 S. W. 908; McKay v. Tally (Tex. Civ. App.) 220 S. W. 167; Bost v. Biggers Bros. (Tex. Civ. App.) 222 S. W. 1112.

[2] The trial court having found that appellees were entitled to the nine months' and two days' extension of time, and there being both pleadings and evidence sufficient to sustain said finding, the court was authorized to enter judgment giving said extension of time. Texas Pacific Coal & Oil Co. v. Patton (Tex. Com. App.) 238 S. W. 202; Corsicana Petroleum Co. v. Owens, 110 Tex. 568, 222 S. W. 154; Stahl v. Van Vleck, 53 Ohio St. 136, 41 N. E. 35; Hodges v. Miller (Tex. Civ. App.) 244 S. W. 634; 13 Corpus Juris, pp. 315, 689.

We have examined the assignments of error in appellant's brief and do not think they show any reversible error.

The cause is affirmed.

SPIVEY, J., took no part in the decision of this cause.