## KNOX v. BROWN.    (Motion No. 6863.)

(Commission of Appeals of Texas, Section B. Dec. 10, 1925.)

**Vendor and purchaser ⬅️18(4)—Option to repurchase land, not exercised within time limited, expired where exercise of option was not prevented by optionor.**

Where plaintiff, who gave defendant a written option to repurchase land sold to plaintiff, did nothing to prevent defendant from exercising his option, the option .expired, where. it was not exercised by defendant within the time limited in the agreement.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

On motion for rehearing.  Rehearing denied.

For former opinion, see 277 S. W. 91.

SHORT, J.  The plaintiff in error earnestly contends that the Court of Civil Appeals, as well as the Commission of Appeals, have grievously erred in holding in this case that the option of the plaintiff in error to repurchase the land expired on June 1, 1923, under the facts shown by the record, and cites again in support of his contention Keen v. Logan, 147 La. ·80, 84 So. 501; Leonard v. Busch, 139 La. 1099, 72 So. 749; Hodges v. Miller (Tex. Civ. App.) 244 S. W. 634; and Texas Pacific Coal & Oil Co.·v. Patton (Tex. Com. App.) 238 S. W.· 202.  In view of the earnest insistence of counsel representing the plaintiff in error, we have re-read all of these cases, and are unable to find that they announce any principle of law antagonistic to those upon which the judgment rendered in this case by the Court of Civil Appeals, as well as by this court, rests.  We are in hearty accord with the principles of law announced in those cases.

The opinion in the case of Pacific Coal & Oil Co. v. Patton was written by a member of section A of the Commission of Appeals (Judge Gallagher), and the judgment was approved by the Supreme Court.  A reference to that opinion shows that it was a suit by the grantors in an oil lease in the form of trespass to try title and to cancel·the lease, a portion of which is set out in the opinion, from which it appears that this lease was not a mere option, but that it conditionally conveyed a legal title to an interest in land, giving to the lessee certain rights therein during the period of five years from the date thereof.  In that case the plaintiffs claimed that the lease was invalid on the ground that all of the names of the grantors did not appear in the body of the instrument, and it was held that, where the lease was valid, and where the grantors had wrongfully prevented the exercise of the rights conveyed in such an instrument during the time limited therefor, a reasonable time for its exercise, after any obstruction so interposed has been removed in which to exercise the right, must be given the grantee.

In Hodges v. Miller, where the validity of the instrument involved was an oil lease, the Court of Civil Appeals held that such an instrument was not a mere option, but conveyed a legal title to an interest in land, and announced the principle that, if a lessor, by a suit or otherwise, wrongfully repudiates the lease, and his act in so doing affords the lessee reasonable ground for failure to begin drilling during the fixed term provided, and if by reason thereof the lessee refrains from so doing, then on the doctrine of estoppel against the lessor the lessee is entitled to a reasonable time after the expiration of the lease within which to exercise his right under the lease to develop the land for oil.

The case of Leonard v. Busch was a case wherein the facts are very similar to that of Hodges v. Miller, except that the lessor refused to receive quarterly payments, and brought suit to annul the lease on the ground that the contract was void, and, pending the litigation, the time prescribed in the lease expired, and it was held that, the lessor having wrongfully prevented the lessee from performing his part of the contract, the latter would have a reasonable time after the expiration of the litigation to do so.

The case of Keen v. Logan announces the doctrine that, where lessor had wrongfully prevented the drilling of a well on the lease during the suit, the time during which the drilling was thus wrongfully prevented is to be excluded in determining when the lessee shall make the next payment under the lease.

It will be noticed that in each and all of the cases mentioned the principle is announced that, where a person has been guilty of wrongfully bringing a suit whereby another is prevented from performing his part of the contract, the wrongdoer cannot take advantage of a situation created by his own wrong, but that the person against whom the wrong has been sought to be done has a reasonable time to comply with his contract after the termination of the litigation thus begun resulting unsuccessfully.

In this case, the instrument in the form of a deed, the bill of sale, and the option agreement, prima facie demonstrate the fact that the defendant in error was the owner of all the land, and as such owner entitled to its possession, unless perchance the instrument in the form of a deed was a mortgage given as security for debt as claimed by the plaintiff in error, in which event the latter has not lost any rights by the judgments of which he complains. The verdict of the jury was in favor of the defendant in error on this subject. This particular portion of the verdict is conclusive proof, under the present state of the record, that the defendant in error did not wrongfully institute the suit in trespass to try title for the recovery of the land. This being true, the principles announced in the cases cited by the plaintiff in error are not applicable to the facts in this case. The defendant in error at no time and in no way, according to the record, wrongfully prevented the plaintiff in error from exercising his option to repurchase the land on or before the date mentioned in the option agreement. He merely asserted as owner of the land a privilege which the jury found he had the right to do. The written instruments prima facie established the same fact.

The plaintiff in error in his motion for rehearing also insists that the court erred in holding that no judgment such as was rendered could be rendered on the findings of the jury in this cause and in remanding the case. We do not feel that anything more is necessary to be said in support of the opinion rendered by us than has been said in the original opinion on this subject, and we therefore recommend that the motion for rehearing be overruled.